UNIONAID LIFE INSURANCE COMPANY v. SMITH.

Opinion delivered March 11, 1929.

*Duty & Duty* and *Creed Caldwell,* for appellant.

*W. B. Sorrells,* for appellee.

SMITH, J. Separate suits were brought by plaintiffs, who alleged that, prior to 1926, there existed a mutual insurance company known as the Mutual Aid Union, which, in January, 1926, surrendered its charter to the State, but, before doing so, entered into a contract with the Unionaid Life Insurance Company, whereby that company reinsured its membership. The complaint in each case alleged that, after reinsuring the members of the Mutual Aid Union, the Unionaid Life Insurance Company had raised the premium on the certificates of insurance above that provided for in their original contracts, and these suits were brought to recover damages for this alleged breach of contract, the actions being apparently based on the rule announced by

this court in the case of *Mutual Relief Assn.* v. *Ray,* 173 Ark. 9, 292 S. W. 396. Service of summons was had in each case on the defendant at its home office in Benton County. The summons issued in each case out of the office of the clerk of the circuit court of Cleveland County, addressed to the sheriff of Benton County, and required the defendant to appear and answer in Cleveland County.

The defendant insurance company appeared specially, and filed a motion to quash the service of the summons on the ground that the circuit court of Cleveland County was without jurisdiction to try a damage suit against the insurance company located in Benton County and having no agent for service in that county, and upon service procured through the sheriff of Benton County. Attached to the motion was a certified copy of the articles of incorporation of the defendant, Unionaid Life Insurance Company, showing that it had been organized under the provisions of act 137 of the Acts of 1925 (Acts 1925, page 390). This is an act entitled "An act providing for stipulated premium insurance companies operating on the stipulated premium plan, and regulating same." The trial court overruled this motion, and, the defendant declining to answer or plead further, judgment was rendered against it, and this appeal has been prosecuted to reverse that judgment.

It is earnestly insisted that there is no authority under the statute to sue the appellant, a domestic insurance corporation, except in the county of its residence, under the provisions of the act under which it was created, to-wit, act 137 of the Acts of 1925. This act, which provides that it shall be in force from and after its passage, contains no provision concerning suits against companies organized pursuant to its terms.

The articles of incorporation of the appellant company, filed with its motion to quash the service, show that it has a capital stock of $50,000; that its principal place of business is in Rogers, Benton County, and that it was formed for the purpose of taking insurance on the

lives of individuals on the "stipulated premium plan, with a stipulated premium as defined and regulated herein."

There was passed at the same session act No. 139 (Acts 1925, page 405), entitled "An act to define assessment life, health and accident associations or companies, industrial insurance companies, to provide how same may be organized and transact business in this State, for proper regulation of same, and for other purposes." The last section of this act provided that: "Nothing in this act shall be construed to apply to or affect fraternal benefit associations, farmers' mutual aid associations, reciprocal or inter-insurance exchanges, nor to mutual insurance companies operating on a legal reserve basis, other than to industrial insurance as herein provided. This act to go into effect six months after its passage."

Paragraph A of § 3 of act 139 reads as follows: "Level or stipulated rate assessment associations, companies or corporations are defined as those corporations granting insurance benefits on the assessment plan, and which collect from their membership a level or stipulated monthly, quarterly, semi-annual or annual assessment or premium, which assessment or premium is not made contingent upon the happening of a certain event but is based upon stated periodical rates or charges estimated to be sufficient for the payment of all claims and expenses."

Evidently the appellant company is such a company as the language just quoted refers to.

By § 15 of act 139 it is provided that in all actions against assessment or mutual insurance companies or the bonds of such companies, by any policyholder or beneficiary, suit may be brought in any county in the State where such company has its principal office or place of business. This § 15 was amended by act No. 194 of the Acts of 1927, page 663, to read as follows: "In any action on any claims arising or accruing under policies of insurance or membership certificates, against assessment or mutual insurance companies," or the bondsmen of such companies, the suit may be brought in any county

in the State where the plaintiff, or any one of the plaintiffs, in such action may reside.

Construing these acts together, we are of the opinion that it was the intention of the Legislature to make all of these companies liable to respond to a suit brought in the county in which the plaintiff resides, in any action on any claim arising or accruing under policies of insurance issued by such companies. It remains therefore only to determine whether the instant suits are actions on claims arising or accruing under policies of insurance. And we think they are.

Webster's New International Dictionary defines a "claim" as follows: "A demand of a right or supposed right; a calling on another for something due or supposed to be due; an assertion of a right or fact." It is further defined as: "A right to claim something; a title to any debt, privilege, or other thing in possession of another; also a title to anything which another should give or concede, or confer on, the claimant."

The instant suits are predicated upon the allegation that the defendant has breached its contract of reinsurance, and this is a claim arising or accruing under a policy of insurance; and we conclude therefore that the motion to quash was properly overruled, and that judgment is affirmed in each case.