UNIONAID LIFE INSURANCE COMPANY *v.* POWERS.

Opinion delivered October 14, 1929.

J. V. Walker, Bullion & Harrison, Creed Caldwell and Duty & Duty, for appellant.

George H. Holmes, for appellee.

McHANEY, J. These are eight separate cases involved in separate appeals, which have been consolidated and briefed together as one case in this court. As regards the venue of the actions, they are all ruled by the recent case of Unionaid Life Ins. Co. v. Smith, 179 Ark. 164, 15 S. W. (2d) 321, where a like state of facts existed, like procedure followed, and conclusions of law reached, after analysis of the applicable statutes, contrary to the contentions of appellant, both in that appeal and in these. We are asked, however, to reconsider that case, and overrule it. We have given careful consideration to the argument of learned counsel for appellant, and decline to do so.

Another question is presented in these cases, "that the judgments were void because the suits were for claims for unliquidated damages for an alleged breach of contract, and there was no evidence offered or submitted to sustain the allegations." But the judgment of the court recites that the case was submitted to it on "the complaint filed, the exhibits thereto, and the summons issued thereon, and the evidence adduced by the plaintiff." The complaint alleged that the certificate of insurance was attached thereto as Exhibit A. This exhibit

does not appear in the transcript, and "the evidence adduced by the plaintiff" is not brought into the record by bill of exceptions. We must, therefore, indulge the presumption that the complaint stated a cause of action on the certificate of insurance, and that the evidence adduced was sufficient to sustain the judgment. There was no demurrer or other pleading to the complaint, and, even though the cause of action declared upon were defectively stated, there is a conclusive presumption that the evidence sustains the judgment, and this court will treat the complaint as being amended to conform to the proof. *Rowe* v. *Allison,* 87 Ark. 206, 112 S. W. 395; *Dumas* v. *Crowder,* 178 Ark. 489, 10 S. W. (2d) 43.

The record does not show that the court impaneled a jury to assess the damages. This was not necessary under § 6248, C. & M. Digest.

We find no error, and the judgment is affirmed.

BUTLER, J., disqualified.