FEDERAL LAND BANK OF ST. LOUIS, MISSOURI, *v.* BLACKSHEAR.

Opinion delivered April 20, 1931.

*E. H. Tharp* and *J. R. Crocker,* for appellant.
*W. P. Smith* and *O. C. Blackford,* for appellee.

HART, C. J. This was an appeal by J. T. Blackshear from a decree of the chancery court postponing the sale of mortgaged premises under a decree of foreclosure for eleven months and thirty days. The Federal Land Bank of St. Louis, Missouri, filed a suit in equity against J. T. Blackshear and others to foreclose a mortgage of $1,800 on a tract of land in Lawrence County, Arkansas. The mortgage was duly acknowledged and recorded, and was in the usual form of mortgages provided for under the

provisions of the Federal Farm Loan Act, 12 USCA, § 771. The proceedings for foreclosure were had and carried on according to the usual chancery practice. A decree of foreclosure was in due time entered of record. Judgment was rendered in favor of the plaintiff against the defendants for the amount of the mortgage indebtedness, together with the accrued interest. The decree recites, among other things: ''That, if said sum of money and interest thereon, as herein adjudged to be due plaintiff, shall not be paid within eleven months and thirty days from this date, together with all costs of suit herein adjudged to be paid by said defendants, * * * the commissioner of this court hereinafter named is ordered to sell said lands,'' etc.

The only error relied upon for a reversal of the decree is that the time allowed by the court to the mortgagor to pay the mortgage indebtedness before a sale could be had under the foreclosure decree was unreasonable.

According to the usual chancery practice, a sale of the mortgaged premises is directed to be made by a commissioner appointed for that purpose if the mortgage indebtedness is not paid within a limited time fixed by the court which, according to the chancery practice, does not usually exceed six months, or at any rate does not extend beyond the beginning of the next term of the court. Daniell's Chancery Pleading & Practice, (6th ed.) vol. 2, * pages 999 and 1000, and * page 1266. *Ib.* (8th ed.), vol. 2, page 1230.

A reasonable time in cases like this has been recognized by the Supreme Court of the United States to be ninety days or six months, or until the next term of the court, in the discretion of the court. *Howell* v. *Western Railroad Co.*, 94 U. S. 463.

In the application of this well-established rule in equity to the present case, we are of the opinion that the time allowed by the chancery court within which to pay the mortgage indebtedness after the decree of foreclosure

was unreasonable and is calculated to disturb the equity practice in cases like this. Therefore the decree will be reversed, and the cause will be remanded with directions to the chancery court to fix a period of time for the payment of the mortgage indebtedness before the land is advertised for sale in harmony with the equity practice laid down in this opinion and for further proceedings in accordance with the principles of equity and not inconsistent with this opinion.