TAYLOR *v.* O'KANE.

Opinion delivered May 9, 1932.

*Rhyne & Shaw,* for appellant.

*J. D. Benson,* for appellee.

McHANEY, J. Appellant, as State Bank Commissioner in charge of the American Bank & Trust Company, insolvent, brought suit against appellee on two promissory notes, and recovered judgment on appellee's confession in open court that he was justly so indebted. The judgment as entered recited "that execution herein be, and hereby is, stayed until January 1, 1932, when execution may issue for one-half of said judgment and execution stayed on the other half of said judgment until January 1, 1933." Thereafter, on June 26, 1931, appellant caused execution to issue on said judgment, but on August 13, 1931, the court ordered same returned as having been improvidently issued. On August 21, 1931, appellant filed motion to set aside that part of said judgment staying execution until January 1, 1932, and 1933, on the ground that same was and is void as being beyond the power of the court, and contrary to law. Appellee demurred to said motion, which the court sustained, and denied the motion to set aside that portion of said judgment, and this appeal followed.

It does not appear that appellant consented that execution be stayed as per the court's order, although he

was represented by counsel at the time judgment was taken, and he made no objection to it on this or any other account. But we think this makes no difference if that portion of the judgment is void. By § 4258, Crawford & Moses' Digest: "No execution shall issue on any judgment or decree, unless ordered by the court, until after the expiration of ten days from the rendition thereof." It is therefore in the discretion of the court to order execution to issue within ten days from the rendition of the judgment, but it does not follow that he has any discretion to stay execution after the lapse of ten days. The statute stays execution for ten days, but the court is given power to order same sooner—not to stay it at all. Another statute, § 4276, provides that "No execution shall be a lien on the property in any goods or chattels, or the rights or shares in any stock, or on any real estate, to which the lien of the judgment, order or decree does not extend or has been determined, but from the time such writ shall be delivered to the officer in the proper county to be executed." But by still another section, § 6299, a judgment of the Supreme, chancery or circuit courts of this State, or the district court of the United States in this State, becomes a lien on real estate owned by the defendant in the county where rendered from the date of the judgment. If the court could stay or postpone execution, as, for example, in this case, the judgment debtor could make way with all chattels owned by him and any real estate outside the county, free from the judgment lien, because no execution could be issued and come to the officer's hands until the period of the stay had elapsed. Courts have not been given such power. One of their functions is to aid in the collections of just debts by orderly process of law, and not to delay same.

Our statutes provide a method by which the court may stay, quash or vacate the writ of execution, §§ 4291-4295, Crawford & Moses' Digest, or the clerk may issue the stay if no writ is in the hands of the officer, § 4294. The method provided in both instances involves the giving of a bond with good security by the judgment debtor, and

therefore preserves the rights of the judgment creditor. This method of staying executions on judgments appears to be exclusive. Having so provided, all other ways are excluded, including the fiat of the court. In *Federal Land Bank* v. *Blackshear,* 183 Ark. 648, 38 S. W. (2d) 30, we held that a court of chancery had no power to postpone sale of property under decree of foreclosure beyond a reasonable time—four to six months at the outside.

Appellee seeks to sustain the judgment on the ground that appellant should have appealed from the original judgment, instead of from the refusal of the court to modify same on motion. We do not think so. That part of the judgment staying execution beyond the time fixed by statute is void, because the court had no power or authority to make it. Being void, it could be attacked collaterally by motion or otherwise, and the court, under its continuing power to amend its records to speak the truth, may, after the lapse of the term, vacate a void judgment, or vacate a void portion of a judgment otherwise valid. *State* v. *West,* 160 Ark. 413, 254 S. W. 828.

The judgment is accordingly reversed, and remanded for further proceedings in accordance with this opinion.