SOUTHERN GROCERY COMPANY *v.* MERCHANTS' & PLANTERS'

TITLE & INVESTMENT COMPANY.

WILKINS *v.* MEAD.

4-2769-2770

Opinion delivered December 12, 1932.

*Harry T. Wooldridge,* for appellants.

*Bridges, McGaughy & Bridges* and *Rowell & Rowell,* for appellees.

SMITH, J.   Separate suits were filed on January 17, 1931, to foreclose two different deeds of trust.   An answer was filed in each case which confessed the debt and the liens securing it, but alleged the fact to be that the defendant debtors were earnestly endeavoring to sell the mortgaged property at private sale for the purpose of paying the debt.   The depreciation of values of all kinds and everywhere was alleged, and it was prayed that the court defer and postpone the rendition of a decree condemning the mortgaged property to sale until there should be such recovery and restoration of values as would prevent the sacrifice of the property.

Without further pleadings having been filed, no decrees of sale were rendered by the court until January 20, 1932, at which time such decrees were rendered, and pursuant thereto the mortgaged property was sold by the commissioner of the court.

The commissioner made report of these sales, to which the mortgagors filed exceptions.   Exceptors alleged that the property had sold for less than the debt secured and for less than half its normal value.   It was prayed, therefore, that the court refuse to confirm the sales, and that the sales be set aside and that the property be ordered resold when financial conditions had improved and there had been some recovery in commodity prices generally and in land values in particular.

The reports of sale of the commissioner and the exceptions thereto were submitted to and heard by the court, and the exceptions were overruled and the reports confirmed, and appeals have been prosecuted from those orders, which have been briefed and submitted together.

The decrees must be affirmed, for two reasons, first, because the testimony taken at the hearing of the exceptions has not been brought into the record, and in the absence of this testimony it will be presumed that the

evidence heard by the court sustained its action. *Alger* v. *Beasley,* 180 Ark. 46, 20 S. W. ('2d) 317; *Unionaid Life Ins. Co.* v. *Powers,* 180 Ark. 154, 20 S. W. (2d) 610; *McGowan* v. *Burns,* 182 Ark. 506, 31 S. W. (2d) 953.

But, if it were assumed that the testimony heard by the court sustained the allegations of the exceptions, we would, nevertheless, hold that the exceptions were properly overruled. The essence of the exceptions is that the sales were prematurely decreed, and should have been postponed until normal conditions had returned and normal values had been restored, and that because of the failure to postpone the rendition of the decrees of sale the mortgaged property had sold for much less than its value had been in normal times.

It appears that there was a delay of slightly more than a year in rendering the decrees of sale, although there was no denial of the allegations of the complaint praying foreclosure, and we are unwilling to hold that the court abused its discretion in refusing additional delay. It was held, in the case of *Federal Land Bank* v. *Blackshear,* 183 Ark. 648, 38 S. W. (2d) 30, that a decree allowing eleven months and thirty days to pay the mortgage indebtedness after foreclosure was unreasonable, and that the chancery practice requires the sale of mortgaged property, on default, within a limited time fixed by the court, which usually does not exceed six months and, in no event, extends beyond the beginning of the next ensuing term of court. The case of *Taylor* v. *O'Kane,* 185 Ark. 782, 49 S. W. (2d) 400, is to the same effect.

There was no allegation of fraud or other inequitable conduct relating to either sale, except only that the property did not sell for a sufficient price.

It is well settled, however, that mere inadequacy of consideration, however gross, unaccompanied by fraud, unfairness, or other inequitable conduct, in connection with a judicial sale, is, of itself, insufficient to justify the court in setting the sale aside and refusing confirmation thereof. *Federal Land Bank* v. *Ballentine, ante* p. 141.

The decrees are correct, and must be affirmed, and it is so ordered.