POPE *v.* SHANNON BROTHERS.

4-3739

Opinion delivered February 25, 1935.

*Kenneth Rayner* and *S. V. Neely,* for appellants.

*W. G. Dinning,* for appellee.

McHaney, J.  This is an appeal from an order confirming a sale under a foreclosure decree, on the ground that the consideration, the amount bid at the sale, and for which it was sold, is inadequate and unconscionable.

Appellant, Lady P. Pope, is the owner of 1,287 acres of land, a portion of which fronts on United States Highway No. 70, and all of which lies one mile west of State Highway No. 61.  It is seven and one-half miles from the southeast corner of the tract to the Harahan Bridge crossing the Mississippi River into Memphis, and is adjacent to the city of West Memphis.  The land is well drained by drainage ditches and is protected from floodwaters of the Mississippi by the levee of the St. Francis Levee District.  Drainage district assessments are practically paid out, and road taxes formerly assessed against it have been taken over by the State.

On April 17, 1930, appellant mortgaged said lands to appellee to secure her note to it of the same date for $8,000, and due two years after date with interest at 6 per cent. per annum from date.  Default was made and suit to foreclosure was filed May 11, 1932, to which an answer was filed.  Trial resulted in a decree of foreclosure on December 20, 1932.  The decree recited that the sum therein adjudged to be due, $11,468.71, including interest and taxes, might be paid at any time before the next regular term of court in March, 1933, together with all costs, but, if not then paid, it should be advertised and sold as therein provided.  Said sum was not

paid, and the land was sold on May 1, 1933, to appellee for the sum of $11,790.44, the amount of the judgment, interest and costs to date of sale. Thereafter, on June 28, 1933, appellant filed her petition to set aside, the sale on a number of grounds, including inadequacy of sale price, financial depression and others. The report of sale was filed June 29, 1933. On October 16, 1933, appellant filed exceptions to the confirmation of the commissioner's report of sale because, first, the amount bid was grossly and unconscionably inadequate; second, that appellee was the only bidder who bid only the amount of the debt and costs; and, third, that business conditions were bad. The court confirmed the sale April 21, 1934, and the order of confirmation recited that no exceptions had been filed to the report of sale.

The court was in error in finding that no exceptions had been filed to the report of sale. There was a petition to set the sale aside filed prior to the report, and exceptions were filed after the report.

We think the court erred in confirming the sale, and that the provisions of act 21 of the Acts of 1933, page 47, were overlooked. Section 2 of said act provides that "foreclosure decrees, and decrees confirming foreclosure sales, shall only be rendered during the first three days of the regular term of the court as fixed by law." Now the regular terms of the Crittenden Chancery Court, as fixed by law, act 216, Special Acts of 1923 are the third Mondays in March and October of each year, of which we take judicial notice. The decree of confirmation was made April 21, 1934, at an adjourned day of the March term. It may be that it was done during the "first three days" of the regular March term, but the record does not so show. In *Honea* v. *Federal Land Bank of St. Louis,* 187 Ark. 619, 61 S. W. (2d) 436, we held that "where the regular term of court began on March 6, and on that day the court adjourned till May 5, following, on which day a mortgage foreclosure sale was confirmed, such confirmation was valid as made on the second day of the term, and therefore within the 'first three days' of the term as provided by Acts 1933, No. 21, § 2." But if such is not the fact, the confirmation would

be invalid as not having been made at the time fixed by law.

Section 4 of said act 21, reads as follows:

"Before confirming a sale the court shall ascertain whether or not, on account of economic conditions, or the circumstances attending the sale, a fair price, with reference to the intrinsic value of the property, was obtained. If it is made to appear to the court that a better price could be obtained at a resale, or if any one agrees to bid a substantially higher amount at a resale, the court shall order a resale on such terms as the court may require."

Here the court did not make such a finding as required by the act. It is undisputed in this record that said land did not sell for "a fair price with reference to the intrinsic value of the property." The lowest value placed on it by any witness was $25 per acre based on depressed financial conditions. Other evidence shows it to be worth several times that amount. Some of the witnesses say that it could be sold off in forty-acre tracts for perhaps $100 per acre at the present time. In normal times this land, because of its fertility and its location, have a very high intrinsic value, anywhere from five to ten times the price bid, and even under abnormal conditions it is worth intrinsically three to six times its sale price. Therefore, the court should have set the sale aside and refused confirmation on the ground of inadequacy of price alone, coupled with bad "economic conditions" fully set out in the pleadings or petitions filed by appellant.

Said act 21 has been held not open to constitutional objection. *Reiman* v. *Rawls*, 188 Ark. 983, 68 S. W. (2d) 470. And it has been held not to be retroactive, so as to impair vested rights of a purchaser. *Federal Land Bank of St. Louis* v. *Floyd*, 187 Ark. 616, 61 S. W. (2d) 449. Here both the sale and the confirmation thereof occurred subsequent to the effective date of the act which was February 9, 1933, the emergency clause being attached and making it so.

The decree of confirmation will be reversed, and the cause remanded with directions to set the sale aside, and

for such further proceedings as may be according to law, the principles of equity and not inconsistent with this opinion.

BAKER, J., disqualified, and not participating.