MARTIN *v.* KELLEY.

4-3803

Opinion delivered April 29, 1935.

*Hill, Fitzhugh & Brizzolara,* for appellant.
*Miles, Armstrong & Young,* for appellees.

JOHNSON, C. J. On June 22, 1933, appellant instituted this foreclosure proceeding against appellee in the Sebastian County Chancery Court and on April 9, 1934, a decree was entered in said cause whereby appellant was awarded judgment against appellees for the sum of $109,859.12 and 750 city lots situated in the town of Fort Smith were condemned and ordered sold to satisfy or apply towards satisfaction of said judgment. On September 22, 1934, the commissioner theretofore appointed for the purpose effected a sale of said property as directed by the court, and appellant became the purchaser thereof for the sum of $94,760.64. Subsequently the commissioner presented his report of sale to the chancery court for approval, and appellees filed exceptions thereto as follows:

That, on account of economic conditions attending the sale a fair price was not obtained for the property, and the consideration bid therefor by appellant was grossly inadequate. The testimony adduced upon the hearing of the exceptions to the report of sale was to the effect: Appellee, Leigh Kelley, testified that the lots were reasonably worth on the date of the sale $250,000, but that he had no idea how long it would require to realize that sum from the property. Mr. R. T. Little testified that, in his opinion, the aggregate of the property was of the fair value of $145,925, but that it would probably require five years to realize that sum from it. A Mr. Carnall testified that, in his opinion, the property was of the fair value of $240,000. A Mr. Morris testified that, in his opinion, the property was of the fair value of $225,000. A Mr. Garrison, the county assessor of Sebastian County, testified that the mortgaged property was assessed for taxation upon the tax books of Sebastian County at $103,810 which represented one-half of its supposed value. A Mr. Dawson testified in behalf of appellant that, in his opinion, this vacant property could not be disposed of within a year for a sum in excess of $100,000. Appellant, Mr. Martin, testified that he refused to loan on this property a sum in excess of $100,000 in 1927, the year the mortgage was executed; that he had offered to discount his mortgage debt $15,000 which had

been refused by appellees, and that in his opinion he would suffer a loss of $50,000 in the transaction; that appellees permitted all the mortgaged property to be forfeited and sold to the State for the nonpayment of taxes for the year 1931, and that he was forced to expend in excess of $5,000 in 1933 to protect his mortgage lien.

The chancery court determined that, on account of economic conditions attending the sale, a fair price with reference to intrinsic value was not obtained at the commissioner's sale, and that the report of sale should not be approved or confirmed unless appellant would agree to satisfy his deficiency judgment. Appellant declined to satisfy this deficiency judgment, and the court thereupon refused to approve or confirm the report of sale and directed that appellant's bid be rejected. The court further ordered that, because of economic conditions, a resale should be postponed for another year, or until economic conditions changed. From the court's refusal to approve and confirm the report of sale this appeal comes.

Prior to the passage and approval of act 21 of 1933 the rule in reference to the confirmation and approval of reports of sale in mortgage foreclosures was that the purchaser was entitled to confirmation and approval unless fraud, unfairness, or other inequitable conduct was made to appear in effecting the sale. Mere inadequacy of consideration was insufficient to support disapproval of such report of sale unless accompanied by fraud, unfairness or inequitable conduct. *Federal Land Bank* v. *Floyd*, 187 Ark. 616, 61 S. W. (2d) 449, and *Southern Grocery Co.* v. *Merchants' & Planters' etc., Company*, 186 Ark. 615, 54 S. W. (2d) 980.

In *Reiman* v. *Rawls*, 188 Ark. 983, 68 S. W. (2d) 470, we expressly sustained the constitutionality of act 21 of 1933, therefore this question need not again be considered.

By § 4 of act 21 of 1933 the rule, as heretofore stated, has been modified to the extent of allowing the chancery court to ascertain upon presentation of the report of sale the economic conditions attending the sale, and also whether or not a fair price was obtained in respect to the

intrinsic value of the property sold. If it is made to appear to the court that a fair price was not obtained at the sale due to economic conditions, and it is also made to appear that a better price may be obtained at a resale, or if any one agrees to bid a substantially higher amount for the property at resale, the court may direct a resale.

The obvious meaning and effect of § 4 of act 21 of 1933 is that if the property sold does not bring a fair price when its intrinsic value is considered, and it is made to appear that a better price may be obtained at a resale, or if any one agrees to bid a substantially higher amount for the property at resale, then it should be directed to be offered at resale; otherwise not.

We take judicial notice, as the trial court did, that economic conditions on September 22, 1934, the date of sale, were bad, but this of itself is entirely insufficient under § 4 of act 21 of 1933 to justify the chancery court in refusing to confirm and approve the report of sale. The pertinent inquiry is and should be, if within a reasonable time the property be resold will it bring a substantially higher price? Or is there a prospective bidder or bidders who will bid and offer at resale a substantially higher price?

The time in which a resale of the property must be effected is a reasonable period, and not such arbitrary period as may be fixed or designated by the chancery courts. No one knows, and but few will hazard a guess as to when this country will return to normalcy. Certainly, mortgagees cannot be required to stay foreclosure proceedings for an indefinite period of time. The mortgagee has substantial vested rights in the mortgaged property which may not be arbitrarily impaired by judicial pronouncement. *W. B. Worthen Co.* v. *Kavanaugh*, 55 S. Ct. 555.

The testimony submitted upon the hearing of the exceptions to the report of sale here under consideration falls far short of showing or tending to show that this property could be sold at resale for an amount in excess of the sum bid and offered by appellant. True, several witnesses testify that this mortgaged property

has a value largely in excess of appellant's bid, but this is not the criterion. No witness undertakes to say that a higher bid would probably be made in the event of resale, and no witness undertakes to say that he would undertake such bid and responsibility. It may be and probably is true that this property would bring a higher price at the expiration of one, two, three or five years, but courts cannot make contracts for parties. The mortgagee is entitled to foreclosure and sale within a reasonable time, and the courts are without power, even under act 21, *supra,* to postpone the sale an unreasonable length of time.

In the recent case of *Pope* v. *Shannon Bros., ante* p. 441, we made application of § 4 of act 21 of 1933, but the facts and circumstances there under consideration were materially different from the facts here considered. There 1,287 acres were sold for $11,790.44 or less than $10 per acre. In the opinion we stated the facts as adduced upon the hearing of the exceptions to the report of sale as follows: "The lowest value placed on it by any witness was $25 per acre based on depressed financial conditions. Other evidence shows it to be worth several times that amount. Some of the witnesses say that it could be sold off in 40-acre tracts for perhaps $100 per acre at the present time. In normal times this land, because of its fertility and its location, has a very high intrinsic value—anywhere from five to ten times the price bid—and even under abnormal conditions it is worth intrinsically three to six times its sale price."

There we applied the doctrine that the consideration for the sale, when considered in the light of economic conditions, was so grossly inadequate, as to amount to a legal fraud.

It appears from this record that the mortgagors have been leniently dealt with by the courts in this foreclosure. This suit was instituted in June, 1933, and only after nine months' delay was a decree entered, and the sale to appellant was not effected until almost six months subsequent to the decree or a period of fifteen months elapsed between the filing of the suit and the sale.

The court misconceived the meaning and effect of act 21 of 1933. No sufficient showing was made to make its provisions applicable. Therefore, the case must be reversed, and remanded with directions to approve and confirm the report of sale.