HOUSTON v. LOHMAN.

4-3938

Opinion delivered July 8, 1935.

*John C. Sheffield* and *W. G. Dinning*, for appellants.

McHANEY, J. This suit was originally brought by H. M. Houston, now deceased, against the appellee on January 31, 1933, to foreclose a deed of trust executed by appellee to secure the payment of a promissory note in the sum of $15,550, the note and deed of trust being dated March 2, 1932, due three years after date with interest from date at ten per cent., payable semi-annually. Said deed of trust contained an acceleration clause which provided that, on default in the payment of interest or taxes and assessments, and to keep the edifices insured, then the whole amount of the indebtedness might be declared due and payable. Appellee defaulted in the payment of interest, taxes and insurance, and under said clause said Houston elected to declare the whole amount of said indebtedness due and payable, and thereupon instituted this action to foreclose. Summons was issued and duly served upon appellee, but he made no defense to the action, and a decree of foreclosure was had on November 27, 1933. The property was thereafter advertised to be sold by the commissioner on February 26, 1934, but at the request of the attorney for the plaintiff, the sale at this time was abandoned, and thereafter notice was published for the time, and in the manner provided by law that sale of the property covered by the said deed of trust would be had on September 17, 1934, at which time the property was sold, and appellant became the pur-

chaser for the amount of the indebtedness, Mr. H. M. Houston having in the meantime died and appellant, as administratrix of the estate, being substituted as plaintiff in the action. Report of sale was duly made by the commissioner, which was approved and the sale confirmed on September 31, 1934, and deed executed, acknowledged and delivered to the purchaser. A receiver was appointed during the pendency of the suit to take charge of and rent the property covered by the deed of trust which included a large amount of city property and farm lands of two hundred and eighty acres.

In accordance with the directions of the court a writ of possession was issued on October 27, 1934, and on November 2, 1934, at the same term of court appellee filed a petition praying that the sale had herein be set aside, and that an order issue restraining the sheriff and his deputies from dispossessing appellee from his residence for a reasonable time, in which he alleged that he was at that time in a position to secure the necessary funds with which to pay off said indebtedness, and, if given a reasonable opportunity, can and will do so. He alleged that the value of the property so foreclosed is largely in excess of the mortgage debt, and that no harm, financial or otherwise, could or would result to appellant by a reasonable delay in these proceedings. On the same day, November 2, the chancellor, in vacation and without notice, issued an order to the sheriff restraining him from executing the writ of assistance, and restraining the purchaser from incumbering or otherwise disposing of the property purchased under the foreclosure proceeding until the further order of the Phillips Chancery Court or the chancellor thereof in vacation. This injunction order was immediately served upon appellant. On February 15, 1935, the appellee filed in the same cause a pleading which is captioned a bill of review, which the court treated, and which we would treat, as an amendment or supplement to the petition filed on November 2, 1934. It was therein alleged that the petitioner was the owner in fee simple of the property covered by the mortgage, describing it; that situated thereon are a large amount of improvements, to-wit: On a part of said property is

situated the residence of this petitioner in which he lives with his aunt, who is now 87 years old, and that said residence cost approximately $35,000, but is now of the value of $15,000 and that a home loan had been approved by the proper United States authorities on said house and premises alone in the sum of $7,500; that there is situated on a part of said property eighteen rental houses, renting for $3 per week each and of a present value of $1,000 each; that there is situated on another part of said property two handsome city buildings of brick construction, two stories in height, one of which was lately occupied by the First National Bank of Helena, and that said buildings and grounds are of the present value of approximately $15,000 and $12,500 each, respectively; that a part of said property consists of 280 acres of farm lands which are now renting for approximately $600 a year, and in normal times bring in a rental of $2,000 yearly, and are of the present value of approximately $15,000, and that other portions of said property which are not improved are valuable building sites in the city of Helena, and that the whole property in normal times is of a value exceeding $75,000. After setting out numerous allegations regarding the depression, the appointment of a receiver, his collection of all the rents and profits from said property other than the homestead, and his failure to account therefor, it was prayed that the court determine the correct amount due from petitioner, and that he be allowed a reasonable time for the payment of said sum. Thereafter on February 21, 1935, at the November term of said court, an order was entered restraining the sheriff from enforcing the writ of assistance theretofore issued so as to deprive the appellee of his homestead, and further enjoining the appellant from selling any of the property purchased under said foreclosure proceedings. Appellee was given six months from that date to redeem the property from the sale by paying the amount of money which may be found due at the time of such offer of redemption and tender of such funds are made. Appellant, not being satisfied with this order of the court, has brought the same here for review by appeal.

We think the above order of the court was correct. Section 4 of act 21 of the Acts of 1933, page 47, provides: "Before confirming a sale, the court shall ascertain whether or not, on account of economic conditions, or the circumstances attending the sale, a fair price, with reference to the intrinsic value of the property, was obtained. If it is made to appear to the court that a better price could be obtained at a resale, or if any one agrees to bid a substantially higher amount at a resale, the court shall order a resale on such terms as the court may require." It does not appear from this record that the court before confirming the sale ascertained whether a fair price, with reference to the intrinsic value of the property was obtained. While there is no evidence to show that a better price could be obtained at a resale, nor that any one had agreed to bid a substantially higher amount at a resale, the final order of the court from which this appeal comes gave petitioner fifteen days in which to make his proof, but appellant appealed from the order without waiting for the proof to be made. No response nor other pleading was filed to the petition by appellant, although served with summons thereon. The allegations of the petition stand undisputed that said property did not sell for "a fair price, with reference to the intrinsic value of the property." In *Federal Land Bank* v. *Floyd,* 187 Ark. 616, 61 S. W. (2d) 449, we held that said act 21 was not retroactive so as to impair the vested rights of the purchaser prior to the passage of the act, and that the court's power to refuse to confirm a foreclosure sale, and to order a resale must be measured by the law in force at the time of the sale, and it was further held in that case that said act 21 had no application. In *Pope* v. *Shannon Bros.,* 190 Ark. 491, 79 S. W. (2d) 278, on a petition to set aside the sale before confirmation, and to refuse to confirm same, we held that the act applied. We there said: "Therefore the court should have set the sale aside and refused confirmation on the ground of inadequacy of price alone, coupled with bad economic conditions fully set out in the pleadings on petitions filed by appellant." Here the petition to set aside the sale and confirmation were filed after the sale had been confirmed, and the

deed issued, but at the same term of court during which time the court retained control over its judgments and decrees. The final order of the court from which this appeal comes set the sale aside on condition that appellee within six months from that date should redeem by paying all the amount due at the time of redemption. We think this order was within the power of the court to make, and that it was just and equitable, and it should therefore be affirmed.