PENYAN V. BERRY.

GARNISHMENT: *Order to pay garnished debt; effect of: Action against garnishee.*
An order to pay over money made upon a garnishee in an attachment proceeding
after his failure to appear therein, is not a judgment against him, and does not
determine his liability to pay.    The only effect of such order is to confer upon
the attaching creditor the same right to collect whatever the garnishee owes
the attached debtor that the latter himself had against the garnishee, and in
an action brought by the plaintiff in the attachment to recover the garnished
debt, the garnishee is not precluded from any defense he might have made be-
fore the garnishment.

APPEAL from *Madison* Circuit Court.

HENRY GLITSCH, Special Judge.

This is a suit in equity against a garnishee to recover the
amount of a debt which he was ordered to pay to the plaintiff
in an attachment proceeding, and to obtain a decree for the
sale of certain lands mortgaged to secure the garnished debt.
The complaint alleges that the plaintiff's intestate brought an
action in the Benton Circuit Court against S. D. McReynolds,
and sued out therein a writ of attachment, under which a debt
which the defendant Berry owed to McReynolds, was at-
tached.    That the plaintiff afterwards recovered judgment
against McReynolds in said action, for a debt amounting
to $1105, and that the court rendering such judgment, having
found that defendant, Berry, was indebted to McReynolds in
the sum of $2029, ordered said Berry to pay over to the
plaintiff therefrom the sum due to the latter on said judg-
ment.    The complaint further alleges that said indebtedness
of the defendant, Berry, was secured by a mortgage on certain
real estate.    Prayer for judgment against Berry for the amount
of the plaintiff's debt, and that the mortgaged land be sold to
satisfy the same.    Berry's answer states that he paid in land
and goods the whole amount due on the mortgage, and
that McReynolds agreed to satisfy it.    This alleged satis-
faction of the garnished debt, it appears from defendant's tes-

timony, was made before plaintiff's suit against McReynolds was commenced. The finding of the Chancellor was in favor of the defendant, and the plaintiff appealed.

*E. S. McDaniel* and *Crump & Watkins*, for appellant.

1. The finding of the Chancellor is against the evidence, and should be reversed.

2. The court proceeded in the manner provided in garnishment cases. *Mansf. Dig., sec. 343; 29 Ark., 470; 45 Aak. 271; 48 Ark., 349; 3 S. W. Rep., 439; Wade on Att., secs. 377-389, Vol. 2;* and Berry is estopped to deny his indebtedness until the judgment against him is set aside. *2 Wade Att., sec. 522; 1 Flor., 233; 46 Am. Dec., 339 and note; 29 Ark., 470.*

*C. R. Buckner* and *J. D. Walker,* for appellee.

1. The evidence supports the finding of the court.

2. The order of the Benton Circuit Court in the garnishment suit does not preclude Berry from setting up any defense he might or may have had to the foreclosure suit. It was not a judgment against the garnishee, and does not determine his liability. *48 Ark., 349; 94 U. S., the A. & P. R. R. v. Hopkins; 13 Kan., 32; 6 id., 165; Wade Att., 348-352; secs. 220, 247-8, Code; 29 Ark., 470.*

PER CURIAM. An order to pay money made by the court upon a garnishee after his failure to appear in the attachment proceedings wherein he was garnished, is not a judgment against the garnishee, and does not determine his liability to pay. *Giles v. Hicks, 45 Ark., 271; Ry. v. Richter, 48 ib., 349.* The garnishment proceeding is not instituted to settle the question of indebtedness between the attached debtor and third persons (*Moore v. Kelly, 47 Ark., 219*), and the only effect of the court's order upon the garnishee is to confer upon the attaching creditor of his creditor, the same right to collect whatever he may owe his attached creditor, that the latter had against him, *i. e.,* the garnishee. *Giles v. Hicks, sup.* When suit is instituted by the attaching creditor to recover the gar-

GARNISH-
MENT:
Effect of
order to
pay, etc.

nished debt, the order made in the attachment proceedings does not preclude the garnishee from setting up any defense he might have made before the garnishment.

The chancellor heard the witness orally, and had opportunities of judging of their credibility that we have not; and his finding of fact, if opposed to the preponderance of evidence at all, is not so grossly opposed to it, as to warrant our interference.

Affirmed.