ADLER–GOLDMAN COMMISSION COMPANY *v.* BLOOM.

Opinion delivered October 17, 1896.

GARNISHMENT—TIME OF TRIAL—An action begun by a plaintiff in an attachment suit against one summoned therein as a garnishee is an ancillary proceeding, and cannot be prosecuted to judgment before the plaintiff has recovered judgment in the principal suit.

SAME—CONSOLIDATION WITH ORIGINAL SUIT.—An action against a garnishee who fails to make a satisfactory disclosure in the original attachment suit cannot be consolidated with the latter suit.

Appeal from Independence Circuit Court.

JAMES W. BUTLER, Judge.

The Adler-Goldman Commission Company, a corporation, brought suit in attachment in the Jackson circuit court against Morris, Charles, and Ben Bloom, partners by the style of Bloom Bros., and procured writs of garnishment to be issued, directed to Rufus C. Jones and David Bloom. Plaintiff filed interrogatories, and the garnishees answered, denying any indebtedness to defendants. Thereupon plaintiff brought suits against the garnishees, alleging that the garnishees had in their possession a stock of merchandise at Swifton worth $4,000, belonging to Bloom Bros. The garnishees answered, denying any indebtedness to defendants, or that they had in their·possession any property belonging to them. The attachment suit was, on motion, transferred to equity. The plaintiff filed a motion to transfer the garnishment proceedings to the equity docket, and to ·consolidate them with the chancery suit against

Bloom Bros., which motion was overruled.  The grounds of this motion were because:  (1) The issue on the garnishment should not be tried until the attachment suit, which was still pending, had been disposed of.  (2) The order requiring the trial of the garnishment issue before final judgment on the issues in the principal suit was erroneous.  (3) The garnishment proceeding was merely an incident of the attachment suit; and, as that had been transferred to equity, the garnishment proceeding had passed with it.  And, (4) the purpose of the garnishment being to reach the partnership interest of Bloom Bros. in the stock of goods at Swifton, the proceeding against the garnishees was of an equitable character.

Both the original suit and the garnishment proceedings having been transferred by change of venue to the Independence circuit court, the plaintiff filed a motion stating that the original attachment suit was still pending and undetermined, and asked that the trial in the garnishment suits should be postponed until a judgment should be rendered in the principal suit; which motion was overruled.  Upon this, over the objections of the plaintiff, the court called a jury; and, the plaintiff declining to introduce testimony on the issue, the garishees were allowed to introduce witnesses, and the jury found a verdict in favor of the garnishees, Jones and David Bloom.  Whereupon they were discharged.  No objection was made because the two garnishment suits were tried together.

The plaintiff filed a motion for a new trial, upon the ground that the court had erred in refusing to transfer and consolidate, and in forcing the garnishment proceedings to a hearing before a judgment was rendered in the original suit.  This motion was overruled.  Plaintiff excepted, and brought the case here by appeal.

*Rose, Hemingway & Rose* and *Gustave Jones*, for appellant.

1.   The court erred in refusing to transfer and to consolidate the garnishment proceeding with the principal suit.  17 Ark. 387; Bump, Fr. Conv. p. 551; 6 Johns. Ch. 139; Bump, Fr. Conv. p. 583; 63 N. W. 570.

2.   It was error to try the garnishment issue before the principal case was disposed of.  Drake, Att. sec. 459; 46 Mich. 28; 10 Iowa, 498; 35 N. W. 587; 45 Ark. 271; 48 *id.* 349; 52 *id.* 131; 10 So. 455; 15 Pac. 326.

*J. W. Phillips, M. M. Stuckey, Yancey & Fulkerson*, for appellees.

1.   It would have been error to consolidate the garnishment with the principal suit.   38 Iowa, 556; Drake, Att. sec. 452; 5 Ark. 55; 17 *id.* 364; 14 N. H. 243; 26 *id.* 35; 65 Ala. 581; Drake, Att. 462; 24 Miss. 638; 19 Pick. (Mass.), 20; 132 Mass. 56; Hempstead, 662; 56 Mo. 267; 72 Iowa, 61.

2.   Garnishment is not a chancery proceeding, but a proceeding at law.   18 Ark. 583; 54 Ala. 246; 56 Mo. 276; 60 Ala. 356; 72 Iowa, 61; 31 Ill. 322-334; Wade on Att. sec. 334; 5 Kas. 349; 5 Dana (Ky.), 361; 9 Mo. 249; 23 Tex. 515; 43 N. H. 290; 43 N. J. Eq. 277; 16 Wis. 169; 50 N. Y. 80; 21 Tex. 614; 69 Wis. 69; 2 Am. St. 717.   For only exception, see 55 N. H. 488; 14 Wis. 22.

3.   The court did not err in requiring the garnishment issue to be tried before the principal case was disposed of.   10 Iowa, 498; 35 Iowa, 20; 53 *id.* 415; Drake, Att. secs. 463, 452-3; 38 Iowa, 556; 21 Tex. 614; 20 Ala. 334; 60 *id.* 361; 35 Conn. 310; 38 Ark. 528; 39 *id.* 97; Sand. & H. Dig., secs. 347-8.

BATTLE, J.   Two questions are presented for our consideration.

First.   Can a suit instituted by a plaintiff in an attachment proceeding against a person summoned as a

garnishee in such proceeding, whose answer was unsatisfactory to the plaintiff, be legally prosecuted to judgment before the plaintiff recovers judgment in the action in which the order of attachment was sued out, and before the attachment in the same is sustained?

Second. Can the action instituted against the garnishee be consolidated with the action in which he was summoned?

First. An order of attachment, the execution of it, and the disposition of the property attached constitute a proceeding ancillary to the action in which it is pending. It depends upon such action for its existence and support, and is a provisional execution of the judgment in the same, provided before its recovery. As a part of this proceeding, persons indebted to the defendant may be summoned as garnishees for the purpose of aiding in the accomplishment of the same design—the satisfaction of such judgment. When summoned, each of them is required to disclose truly the amount owing by him to the defendant, whether due or not, and the property in his possession or control. If he fails to make a disclosure satisfactory to the plaintiff, the latter can proceed in an action against him by filing a complaint and suing out a summons. (Sand. & H. Dig., sec. 360). As to the time when the action shall proceed to judgment, the statute is silent, but it does provide that when it is instituted "such proceedings may be had as in other actions, and judgment (shall) be rendered in favor of the plaintiff to subject the property of the defendant in the hands of the garnishee, or for what shall appear to be owing to the defendant by the garnishee," and that "the judgment shall be enforced by execution or other proper means." When the object of the garnishment is considered, in connection with these provisions of the statute, it is apparent that the action against the garnishee should not be prosecuted to final judgment until

*Time of trial of garnishment.*

the plaintiff recovers judgment against the defendant in the main action; for until then he does not become subrogated to the defendant's right of recovery, and entitled to a judgment against the garnishee and satisfaction thereof, as provided by the statute. *Giles* v. *Hicks*, 45 Ark. 271; *Penyan* v. *Berry*, 52 Ark. 130.

As the action against the garnishee cannot be legally prosecuted to final judgment before plaintiff recovers a judgment against defendant in the main action, it necessarily follows that the issue joined between him and the garnishee should not be tried before that time; for a trial before then would avail nothing.

The garnishment being a part of the attachment proceeding, the plaintiff is not entitled to recover against the garnishee until it is sustained; for the garnishment is as much dependent on the grounds upon which the order of attachment was sued out as any other part of the attachment proceeding, and is based on the right to the attachment and its maintenance; and the plaintiff's right to recover against the garnishee depends on the validity of the garnishment. Upon the discharge of the attachment the defendant is entitled to the return of all his lands, goods, chattels, and choses in action which are held subject to any judgment that might be recovered against him.

As to consolidation with original suit.   Second. The main action and the action against the garnishee should not be consolidated. The former must be prosecuted to a judgment against the defendant before the issues in the latter can be legally tried. A consolidation cannot avoid this and enable the court to try them as one action. The parties and issues are different, and in whatever manner they may be tried the issues in the latter must be separately and last determined.

The judgment of the circuit court is reversed, and the cause is remanded for proceedings consistent with this opinion.