## NELSON *v.* BLANKS.

### Opinion delivered January 20, 1900.

GARNISHMENT—PRACTICE.—The proper practice in a justice's court, where a garnishee in an attachment suit has failed to answer satisfactorily the allegations and interrogatories propounded to him, is to institute suit against him, and a personal judgment against the garnishee in the original suit is not authorized. (Page 349.)

Appeal from Ashley Circuit Court.

MARCUS L. HAWKINS, Judge.

*Geo. W. Norman*, for appellant.

The filing of pleas, answer and taking of appeal were ap-

pearances, and waived any defects in the process. 45 Ark. 295; 46 Ark. 251; 38 Ark. 102; 3 Ark. 436; 43 Ark. 545; 4 Ark. 70; 35 Ark. 95; 35 Ark. 276; 1 Ark. 376; 2 Ark. 26; 6 Ark. 552; 38 Ark. 101; 48 Ark. 151; 53 Ark. 235. Appellant has sufficiently complied with the statute. Sand. & H. Dig., § 360.

*Robt. E. Craig*, for appellee.

The personal judgment against the garnishee is void. To obtain a personal judgment against the garnishee, a new action must be commenced against him. 29 Ark. 470; 45 Ark. 275; 48 Ark. 353; *id.* 514; 45 Ark. 271; 49 Ark. 411; 48 Ark. 349; *id.* 353; 60 Ark. 55; 52 Ark. 616; 62 Ark. 130.

BUNN, C. J. This is a suit, originally before a justice of the peace, on a duly verified account owing to the appellant here from one W. E. Kittrell, the defendant in the suit. At the institution of the suit, an order of attachment was issued against said defendant. The appellee, Blanks, was named as garnishee in the order of attachment, and summoned as such, and appeared and answered the allegations and interrogations of plaintiff, which had been duly filed in the meantime, in effect denying that he was indebted to said defendant in any sum, and that he had any property in his hands or under his control belonging to said defendant. Judgment by default was taken against defendant, and, there being no countervailing affidavit in the attachment, the attachment was sustained. Afterwards the cause between the plaintiff and garnishee was continued from time to time by consent until finally, on a day set for hearing, the garnishee failed to appear, and that cause was heard on the evidence taken, and judgment rendered against the garnishee for the sum of $260, and subsequently the garnishee appealed to the circuit court, where the personal judgment against the garnishee on his motion was quashed, and the plaintiff appealed to this court. The only question, therefore, in the case is, had the justice of the peace the authority under the statute to render a personal judgment against the garnishee on his answer to the allegations and interrogatories

and the plaintiff's exceptions thereto, or because the same was unsatisfactory?

By the provisions of section 4420, Sandels & Hill's Digest, the rules of pleading and practice governing the circuit courts as to attachments are made applicable to proceedings in justice's courts, and the provisions of section 333 of the digest are made applicable to this case. So also are sections 358, 359 and 360. A personal judgment against the garnishee under the circumstances was not authorized by any of these sec tions, or by any statute now in force. This is the view taken in the decisions of this court cited by the appellee's counsel, to-wit: *Giles* v. *Hicks*, 45 Ark. 271; *St. Louis, etc., Ry. Co.* v. *Richter*, 48 Ark. 349; *Penyan* v. *Berry*, 52 Ark. 130.

The proper proceeding, after a garnishee has either failed to answer, or answered unsatisfactorily, is for the plaintiff to file his complaint, and upon that to cause summons to be issued on the garnishee, and thus institute a regular suit against him, on the basis of the judgment against the defendant in the original suit and the allegations and interrogatories of the plaintiff and the garnishee's answer thereto. There was, therefore, no error in the judgment of the circuit court quashing the personal judgment of the justice of the peace against the garnishee and appellee here, and the same is affirmed.