M. T. LAWRENCE *v*. FORD MOTOR CREDIT
COMPANY AND BENTON STATE BANK

5-5166                                    449 S. W. 2d 695

Opinion delivered February 2, 1970

1. JUDGMENT—FINAL JUDGMENT—STATUTORY REQUIREMENTS.—"Judgment" entered against garnishee pertaining to disposition of funds held by it which did not specify amount due was not a final judgment under the statute which provides for judgment against a garnishee after answer and determination of issues made by the pleadings for the amount due from the garnishee to the defendant in the original judgment or so much thereof as will be sufficient to satisfy plaintiff's judgment with costs. [Ark. Stat. Ann. § 31-509 (Repl. 1962).]

2. JUDGMENT—FORMAL REQUISITES.—A judgment must be tested by substance and not form.

3. JUDGMENT—FINAL JUDGMENT—CERTAINTY OF DETERMINATION.—A judgment for money must. be a final determination of the rights of the parties in an action, must specify the amount the defendant is required to pay, and must be capable of enforcement by execution or other appropriate means.

4. GARNISHMENT—NATURE OF CAUSE OF ACTION.—A garnishment is only a species of attachment and service of a writ of garnishment upon a debtor is an attachment of the debt or a form of levy thereupon.

5. GARNISHMENT—INTERVENTION—STATUTORY PROVISIONS.—Intervention by an adverse claimant of a debt owed by garnishee was

permissible even though he could have sought a remedy against the garnishee in an independent action. [Ark. Stat. Ann. § 31-157 (Repl. 1962).]

6. GARNISHMENT—INTERVENTION—RIGHTS OF PARTIES.—Once an intervention was filed, as permitted by statute, garnishee could have protected itself only by paying the funds into the court.

7. GARNISHMENT—DISCHARGE OF GARNISHEE—RIGHTS UNDER STATUTE.—Under the statutes, when the amount due from a garnishee is determined and surrendered he should be discharged. [Ark. Stat. Ann. § 31-509, and § 31-511 (Repl. 1962).]

8. GARNISHMENT—OPERATION & EFFECT.—An order made by the court upon a garnishee to pay money is not a judgment against him and does not determine his liability but only confers upon the attaching creditor of the garnishee's creditor the same right to collect what the garnishee may owe the attached creditor that the latter had against the garnishee.

Appeal from Saline Circuit Court, *Henry B. Means,* Judge; affirmed.

*Langston & Langston,* for appellant.

*Griffin Smith,* for appellees.

JOHN A. FOGLEMAN, Justice. M. T. Lawrence appeals from judgments entered in an action on a promissory note brought by him against one W. A. Williams, who operated a Ford automobile dealership as Williams Ford Company.[1] He asserts that there was error in permitting Benton State Bank to intervene and in denying his motion to strike and dismiss the intervention. He also contends that the court erred in discharging the garnishee, Ford Motor Credit Company. No other issue is raised on this appeal. The major premise of both points for reversal is that a "consent judgment" entered relative to a garnishment issued against the credit company in the original action constituted a final judgment against the garnishee and was conclusive as to the rights of Lawrence in funds later paid into court by the garnishee.

---

[1] While it appears that this company was a corporation, allegations by appellant that the corporation was the alter ego of Williams and that assets of the corporation should be applied to his debts do not seem to be controverted.

Since we do not agree with appellant a review of the history of the litigation is necessary. By a written instrument dated August 11, 1965, Benton State Bank was assigned all sums belonging or which might become payable, to Williams Ford Company, from a reserve account established by Ford Motor Credit Company. Lawrence filed suit against Williams on August 30, 1965, and caused the issuance of a garnishment against Ford Motor Credit Company. The date of service of this writ does not appear, but an answer denying the existence of any indebtedness to Williams was verified on September 15, 1965, and filed two days later. Upon traverse of this answer by appellant, propounding additional interrogatories, the garnishee on October 14 filed a supplemental answer. In this answer the credit company admitted that it held $20,353.15 to the credit of Williams Ford Company representing dealer reserves and excise tax refunds, an estimated $4,800 in factory credits from Ford Motor Company and $1,997.12 in dealer funds, all as security for contingent liabilities of Williams Ford Company on paper hypothecated to garnishee with recourse, and a continuing guaranty of the debts of Williams Ford Company by Williams.

In the meantime, judgment against Williams in favor of Lawrence for $11,685.22 had been filed on October 5. On November 8, 1965, a court order labeled "judgment" was made and filed. By its terms, the garnishee was ordered to hold the funds described in its supplemental answer, apply them pursuant to agreements with Williams Ford Company, and, when all its claims thereagainst were liquidated to pay any excess first to Lawrence, and then to Williams, when and if the claim of Lawrence was satisfied.* On April 16, 1966, appellant propounded additional interrogatories to the garnishee asking an accounting for the funds it had held. The record does not reflect any answer by the credit company.

---

²This order recited that both Williams and Williams Ford Company authorized the action there taken by letter attached to the supplemental answer. The letter does not appear in the record.

No other action was taken until March 19, 1969, when Benton State Bank filed its complaint in intervention, asserting ownership of any balance of the funds in question by reason of the assignment previously mentioned. Its motion for intervention was granted the following day. On May 21, 1969, Lawrence filed a motion to dismiss and strike the intervention. He asserted that the intervention was untimely because filed 3½ years after judgment had been entered against the garnishee.

The garnishee then paid $4,078.70 into the registry of the court and filed its motion for discharge on June 4, 1969, which was granted by the court on the same day. On June 19 the court denied appellant's motion to dismiss and strike the intervention. On August 13, 1969, both parties moved for summary judgment. The motion of Benton State Bank was granted.

We do not agree with appellant in his assumption that the "judgment" entered on November 8, 1965, constituted a final judgment against the garnishee.[3] Arkansas Statutes Annotated § 31-509 (Repl. 1962) provides for judgment against a garnishee after answer and determination of issues made by the pleadings "for the amount due from the garnishee to the defendant in the original judgment or so much thereof as will be sufficient to satisfy the plaintiff's judgment, with costs." It is clear that the judgment must specify the amount to be paid. The "judgment" entered was not a "final judgment." In *Thomas* v. *McElroy*, 243 Ark. 465, 420 S. W. 2d 530, we said that a judgment must be tested by substance and not form. We held that a judgment for money must be a final determination of the rights of the parties in an action, must specify the amount the defendant is required to pay, and must be capable of enforcement by execution or other appropriate means. Here, there was never a time, prior to the intervention,

---

[3] In view of the disposition made of this case, we express no opinion whether these funds, under the circumstances, were subject to garnishment.

when the court could have specified the amount due, or when an execution or other such writ could have been issued.[4]

Arkansas Statutes Annotated § 31-157 (Repl. 1962) permits any person disputing the validity of an attachment, or stating a claim to, interest in, or lien upon attached property to present his complaint at any time before the payment to the plaintiff of the proceeds of an attached debt. There can be no doubt about the applicability of this statute to this case. A garnishment is only a species of attachment. *Allen* v. *Stracener,* 214 Ark. 688, 217 S. W. 2d 620. Service of a writ of garnishment upon a debtor is an attachment of the debt or a form of levy thereupon. *Moore* v. *Kelley,* 47 Ark. 219, 1 S. W. 97. Once the intervention was filed, as permitted by the statute, the credit company could have protected itself only by paying the fund into court.

What we have heretofore said also disposes of appellant's argument that the intervention was not permissible because the bank could have sought a remedy against the credit company in an independent action. The question is not whether it might have done so. It is whether the intervention was erroneously permitted.

Arkansas Statutes Annotated § 31-509 (Repl. 1962) provides that if issues made by a garnisher's pleading controverting the garnishee's answer are found for the garnishee he shall be discharged without further proceedings. Arkansas Statutes Annotated § 31-511 (Repl. 1962) provides that if the garnishee shall surrender the entire amount due upon the return day, he shall be discharged with costs. Until Williams Ford Company's ultimate liability to Ford Motor Credit Company was finally determined, the garnishee was under no obligation to pay over any funds. The clear implication of the statutes is that when the amount due from the garnishee is determined and surrendered, he should be discharged.

---

[4]At one time it was held that a personal judgment could not be entered against a garnishee in the original proceeding. See *Nelson* v. *Blanks,* 67 Ark. 347, 56 S. W. 867.

We cannot say that the garnishee was not entitled to be discharged upon paying the fund into court considering the circumstances existing here and the language of the court order of November 8, 1965. An order made by the court upon a garnishee to pay money is not a judgment against him and does not determine his liability. It only confers upon the attaching creditor of the garnishee's creditor the same right to collect what the garnishee may owe the attached creditor that the latter had against the garnishee. *Penyan* v. *Berry,* 52 Ark. 130, 12 S. W. 241. The "judgment" of November 8, 1965, cannot be anything more than an order to the garnishee to pay over an indeterminate amount of money.

In the judgment of August 13, there was a finding by the circuit court that notice of the assignment was given the garnishee on September 17, 1965. As to the points raised, this finding is of no significance because we find absolutely nothing in the record to support it, because the bank was not a party to the action at that time, and because no funds had been paid in or judgment rendered against the garnishee.

The judgment is affirmed.