Victoria SAUNDERS *v.* Larry ADCOCK et al

5-5413                                    462 S. W. 2d 219

Opinion delivered January 25, 1971

*Howell, Price, Howell & Barron,* for appellant.

*Langston & Langston,* for appellees.

John A. Fogleman, Justice. The circuit court dismissed a garnishment issued against the clerk of the court and directed him to pay certain funds against which the garnishment was directed to the attorney for appellees. Appellant Victoria Saunders asserts that the court erred in not conducting a hearing pursuant to Ark. Stat. Ann. § 31-508 (Repl. 1962) to determine whether an assignment of the funds held by the clerk to the attorney for appellee Larry Adcock was a fraudu-

lent conveyance and asserts that the assignment was invalid as a purchase of the subject matter of litigation by the attorney conducting it.

Appellant sued Larry Adcock for divorce. Adcock was represented by attorney Carl Langston. As a part of a settlement of property rights, Langston delivered Adcock's check for $2,750 to appellant or her attorney. Adcock had insufficient funds in the bank on which the check was drawn for its payment. Sometime later Adcock asserted a claim against Globe Indemnity Company for a fire loss. Suit was brought in his behalf by Langston. During the pendency of the suit one Robert Tanner and others made some attempt to intervene. An agreement was made that if Adcock was successful in his suit, his share of the proceeds would be held in the registry of the court until this claim against it was settled. As a result of a settlement of Adcock's claim, a consent judgment for $4,000 was entered against Globe Indemnity Company. That judgment directed that the draft for its payment be made payable to Adcock and delivered to the clerk who was directed to hold it until such time as the intervention was filed. Globe objected to paying the judgment into court, and demanded that the judgment be satisfied.

On January 5, 1970, the consent judgment was modified to permit Langston's law firm to retain the sum of $2,000 as its fee in the matter and to deposit the remaining $2,000 with the clerk of the court to be held until further order of the court. Globe then paid the entire $4,000 to Langston & Langston, and the judgment was satisfied. On the date of the modification of the judgment, Adcock executed an assignment of the remaining $2,000 to Carl Langston for a stated consideration of $1 and other valuable considerations. This assignment was placed of record on February 9, 1970.

Tanner and the other parties who had sought to intervene actually filed an independent action in which they took a nonsuit on February 18, 1970. Langston wanted to withdraw the remaining $2,000 in the registry

of the court at that time, but the circuit judge thought that the fund should be held for 30 days longer in order that these intervening parties might decide whether they wanted to file a new action, so Langston agreed. On March 11, 1970, their attorneys advised Langston that they would not do so. On March 10, appellant had filed this suit on the check against Adcock. She also filed allegations that the clerk of the court was indebted to Adcock in the sum of $2,000 held by order of the court and purportedly assigned to Langston. She alleged that the assignment was a device to defraud creditors.

The clerk's answer was a denial that he was indebted to Larry Adcock in any sum for the reason that the sum of $2,000 held by him had been assigned by Adcock to Langston. Appellant filed a reply denying the allegations in the clerk's answer, and asserting that the assignment was void under Ark. Stat. Ann. § 68-1302 (Repl. 1957) and because the assignment attempted to convey the subject matter of litigation to the attorney conducting the litigation. At the hearing, the accuracy of the allegations of the clerk's answer was admitted by appellant's counsel, but it was asserted, nevertheless, that the assignment was invalid for the reasons alleged. The court found that the allegations contained in the answer of the garnishee were true and correct, that the writ of garnishment did not reach a debt which the defendant had already assigned to another.

The hearing was conducted in rather an informal manner. Langston appeared on behalf of the garnishee and Adcock. No pleading was ever filed in the case by Langston, nor was any step taken to make him or his law firm parties to the action. Most of the facts stated hereinabove were stipulated through a conversation joined in by the circuit judge, appellant's attorney and Langston. Langston made an oral, unsworn statement with reference to the circumstances under which the assignment was made. He stated that on the date of the assignment Adcock was indebted to his law firm in the sum of $1,130.60 for services rendered in proceedings on

suits pertaining to liens asserted against Adcock. He also said that Adcock disapproved of his agreement to leave his part of the recovery from Globe in the court's registry and demanded an advance. Langston said that he then satisfied Adcock by giving him a check for $1,000, that his partner John Langston later advanced Adcock another $500, and that Adcock executed notes for the advances in both instances, agreeing that the funds in the hands of the clerk would be security for the advances.

The circuit judge, in announcing that he desired to take the matter under advisement, inquired whether the record should be rested on the premise that Langston had made advances to Larry Adcock in a total sum of $1,-500. Appellant's counsel responded that he could not dispute that he had made advances but still contended that the assignment was void. When the judge stated that he wanted all the facts in the record, appellant's attorney agreed to stipulate with reference to the checks and notes referred to by Langston if the latter wanted to leave them with the court. Langston later dictated a statement into the record with reference to other legal services rendered by his firm and that they had not been paid for their services in the Tanner suit.

The circuit court held that the fund in the clerk's hands did not become subject to garnishment because there had been no order to pay to Adcock the $2,000 held. We do not agree with the circuit judge in this respect. Under Ark. Stat. Ann. § 31-118 (Repl. 1962), a fund subject to control and disposition by a court, and not by any of the parties, is subject to garnishment, even though there has been no order to pay the fund to the debtor. The garnishment has priority over the garnishment debtor's subsequent assignment of his interest in the fund (*Green* v. *Robertson*, 80 Ark. 1, 96 S. W. 138), but not over a prior assignment. See *Lawrence* v. *Ford Motor Credit Company*, 247 Ark. 1125, 449 S. W. 2d 695.

The circuit court, however, held that Adcock was not asserting any claim to the fund and that there were no circumstances under which it could ever enter a judg-

ment ordering the payment of the funds to him. This holding appears to have been based upon the assignment to Langston. It was on that basis only that the circuit judge ordered the fund paid to Langston & Langston. The order was made without prejudice to appellant's right to pursue the funds in the hands of Langston & Langston on the ground that they were not the property of the Langstons but were held for the use and benefit of Adcock. The correctness of this holding depends upon appellant's right to have the court determine the questions raised by it in the pleadings relating to the garnishment.

The question actually turns upon the right of appellant to attack the assignment under Ark. Stat. Ann. § 31-508 (Repl. 1962). We have held that when the action in which the garnishment is issued is in equity, and all claimants to the funds subject to garnishment are before the court, the question of fraudulent transfer by the garnishment debtor may be raised in determining the rights of the garnisher and the respective claimants to the fund. *Southern Lumber Co.* v. *Riley,* 224 Ark. 298, 273 S. W. 2d 848. On the other hand, the question may not be tried where the action is at law and all the parties are not before the court, even though the fund might be subjected to the payment of a debt to the garnisher in another proceeding. *Himstedt* v. *German Bank,* 46 Ark. 537. The latter rule is applicable here, and the action of the trial court proper unless we find merit in appellant's contention that the assignment is void because it is in violation of the Code of Professional Responsibility, governing the practice of law, adopted by this court by per curiam order of February 23, 1970.

The code admonishes against the acquisition of a property right by an attorney that would tend to make his judgment less protective of the interests of his client or the acquisition of a proprietary interest in his client's cause or a financial interest in the outcome of litigation and discourages monetary advances by the lawyer to the client. It even subjects the lawyer to disciplinary action

for violation of disciplinary rules in that regard. Still, the code does not purport to protect anyone except the client in these matters and does not even purport to render such transactions void. Canon 5, EC 5-2, 5-3, 5-7, 5-8, DR 5-103, Code of Professional Responsibility. We find no merit in the contention. Even if it be said that there was a violation of the code, this fact, standing alone, would not invalidate the assignment.

The judgment is affirmed.