ESTATE OF Mary Jean OTTO *v.*
ESTATE OF Ada V. FAIR, Deceased

93-1182                                                     875 S.W.2d 487

Supreme Court of Arkansas
Opinion delivered April 25, 1994
[Rehearing denied June 6, 1994.]

*Coffelt, Burrow & Sawyer*, by: *Stephen P. Sawyer*, for appellant.

*Clark & Clark*, by: *Jim Clark*, for appellee.

STEELE HAYS, Justice. This appeal involves an interpretation of Ark. Code Ann. § 16-65-114 (1987), providing that interest on any judgment entered by any court shall draw interest at a specified rate. The sole point on appeal is whether the probate court erred in refusing to award interest pursuant to an order entered in 1987 finding that Mrs. Betty Fletcher and Mrs. Mary Jean Otto were entitled to the sum of $14,429.88 from the estate of Ada V. Fair, deceased.

In 1986 an order appointing a guardian of the person and estate of Ada V. Fair was filed in the Probate Court of Benton County. Later, on December 24, 1987, an order was entered awarding a judgment of $14,429.88 to Mrs. Fletcher and Mrs. Otto, daughters of Mrs. Fair, against the estate. The order reads in part:

That the petitioners, Betty Fletcher and Mary Jean Otto, are entitled to a judgment against the Estate in the full amount of $14,429.88, for their attorneys' fees, with the proviso that the judgment will be of record but is not to be exercised or executed by the petitioners so long as Ada Fair lives and has a continuing need for assets in her estate to provide for her health and welfare. If at some later date it is determined by the Court that sufficient funds exist in the Estate in excess of the needs of Ada Fair, then and only then will the judgment be paid during her lifetime. Otherwise, judgment will remain of record and have such precedence as provided by law but without being exercised by the petitioners.

Mrs. Fair died in February 1993 and the guardianship was converted to an administration of a decedent's estate.

Mrs. Otto had also died and in May 1993 her administrator filed a claim against the estate of Mrs. Fair to enforce the 1987 order with interest at the legal rate from December 2, 1987. The probate court held the estate of Mrs. Otto was entitled to one-half of the amount stated in the 1987 order, with the remaining one-half to Mrs. Fletcher. Noting that the 1987 order was entered by agreement, the court refused to order interest on the judgment and the estate of Mrs. Otto has appealed. We affirm.

Appellant maintains that unless a judgment expressly excludes the payment of interest, interest accrues. *Shofner* v. *Jones*, 201 Ark. 540, 145 S.W.2d 350 (1940); *Sharum* v. *Dodson*, 264 Ark. 57, 568 S.W.2d 503 (1978). We take no exception to that premise, except to note that the purpose of awarding post judgment interest is to compensate judgment creditors for the loss of the use of money adjudged to be due them. *Hopper* v. *Denham* 381 Ark. 84, 661 S.W.2d 379 (1983). This order, however, makes it clear that the "judgment" was not due and owing, but was subject to a determination "at some later date" that sufficient funds existed, "then and only then will the judgment be paid. . . ." The order also purported to prohibit any "exercise or execution" of the judgment.

This order by its own terms was not a final determination of an amount payable from the estate of Mrs. Fair. It did noth-

ing more than fix an amount earned as attorneys' fees, payment of which was subject to such later determination as circumstances warranted. It is clear that that determination was to be made by the probate court, depending on the resources of the estate.

In *Lawrence* v. *Ford Motor Credit Co.*, 247 Ark. 1125, 449 S.W.2d 695 (1970), we said:

> A judgment for money must be a final determination of rights of the parties in an action, must specify the amount the defendant is required to pay and must be *capable of enforcement by execution or other appropriate means.*" [Emphasis supplied.]

In *Thomas* v. *McElroy*, 243 Ark. 465, 420 S.W.2d 530 (1967), we examined the law at home and abroad as to the constituents of judgments and orders for purposes of finality. The opinion notes that a 'judgment' will be tested by its substance, not its form, and summarized several relevant cases:

> A finding by a court in a divorce case that there was due and owing by a plaintiff to a defendant the sum of $275.00 per month for a period commencing January 1, 1947 and ending January 1, 1950, was held not to have the force and effect of an adjudication disposing of the subject matter in a manner sufficient to constitute a judgment. *Taliferro* v. *Taliferro*, 178 Cal.App.2d 146, 2 Cal.Rptr. 719 (1960). A final judgment or decision is one that finally adjudicates the rights of the parties, putting it beyond the power of the court which made it to place the parties in their original positions. *Crowe* v. *DeSoto Consolidated School Dist.*, 246 Iowa 38, 66 N.W.2d 859 (1954). It must be such a final determination as may be enforced by execution or in some other appropriate manner. *Wilson* v. *Corbin*, 241 Iowa 226, 40 N.W.2d 472 (1950); *Crowe* v. *DeSoto Consolidated School Dist., supra.*

In the case at bar, we conclude that the failure to award interest was not inadvertent, but a further indication that the 1987 order was not final, except as to the amount. Payment was conditional according to the future needs of Mrs. Fair and subject to a determination *"by the court"* that sufficient funds existed.

The dissenting opinion would reverse on the ground that the trial court had no power to withhold execution. *Sharum* v. *Dodson, supra.* However, whether execution could issue under the order is not the question either the trial court or this court was asked to decide, but whether interest should accrue under the unique provisions of the 1987 order. For the reasons stated, we hold that interest should not accrue.

Affirmed.

HOLT, C.J., DUDLEY and NEWBERN, JJ., dissent.

DAVID NEWBERN, Justice, dissenting. The order entered on December 24, 1987, awarding attorney's fees in the amount of $14,429.88 to Betty Fletcher and Mary Jean Otto against the estate of Ada V. Fair was a final judgment. A judgment is final if it determines the rights of the parties to an action, specifies the amount the defendant is required to pay, and is capable of enforcement by execution or other appropriate means. *Lawrence* v. *Ford Motor Co.*, 247 Ark. 1125, 449 S.W.2d 695 (1970). The Trial Court specified in dollars and cents the amount awarded. The issue of attorney's fees was decided. The debt was adjudicated. There was no need for further court action. Interest accrued and should have been awarded.

Although whether the judgment was capable of execution is not the ultimate issue, we must decide that question to determine the finality of the judgment. A judgment is final only if it is capable of enforcement by execution or other appropriate means. *Lawrence* v. *Ford Motor Co., supra.*

The Court rendering the judgment has no power to withhold execution. *Sharum* v. *Dodson*, 264 Ark. 57, 568 S.W.2d 503 (1978); *Taylor* v. *O'Kane*, 185 Ark. 782, 49 S.W.2d 400 (1932). Therefore, the language in the judgment purporting to prevent execution until the death of Ada V. Fair or until the Court determined that sufficient funds existed had no effect on the finality of the judgment. The judgment could have been executed at any time following the date of rendition.

The majority opinion seeks to avoid the rule of the *Sharum* and *Taylor* cases by referring to this judgment as "unique." The only thing "unique" about the judgment is its attempt to provide

that it is not to be executed, and that is directly contrary to the rule expressed in the *Sharum* and *Taylor* cases. The fact that the 1987 order was entered "by agreement" is irrelevant. The record shows only the Trial Court's recitation that Ms. Fletcher "chose to forego her right to make a claim or anything at that time," and Ms. Fletcher said, "I'm not going to ask for any money." Nothing in the Trial Court's recitation suggests that either party agreed not to pursue her entitlement to interest upon execution of the judgment.

In the *Sharum* case, a judgment in the amount of $3096 was awarded against an ex-husband for three years arrearages of child support. The order provided that execution on the judgment was to be held in abeyance as long as the ex-husband made payments of $5 per month on the judgment. We reversed and stated:

> An execution may issue on any final judgment of any court of record for a liquidated sum of money. Ark. Stat. Ann. § 30-101 (Repl. 1962) [Ark. Code Ann. § 16-66-101 (1987)]. The court rendering the judgment has no power, in the absence of a stay or supersedeas pending appeal, to withhold execution beyond the ten day period fixed by Ark. Stat. Ann § 30-102 (Repl. 1962). *Taylor, State Bank Commissioner* v. *O'Kane*, 185 Ark. 782, 49 S.W.2d 400 [1932], *International Shoe Co.* v. *Waggoner, Judge*, 188 Ark. 59, 64 S.W.2d 82 [1933].

The statute requiring a ten-day waiting period before execution has been repealed. The law now permits execution anytime following the date of the judgment until the collection of it is barred by the statute of limitations. Ark. Code Ann. § 16-66-103 (1987). The rule that a court rendering a judgment has no authority to withhold execution, remains unchanged. We stated the reason for the rule to be that a judgment becomes a lien on real estate owned by the defendant in the county where the judgment was rendered from the date of the judgment. If the Court could stay or postpone execution, the judgment debtor could make away with all chattels owned by him and all real estate outside the county, free from the judgment lien, because no execution could be issued until the period of the stay had elapsed. That rationale, which remains sound today, was originally stated in *Taylor* v. *O'Kane, supra.*

The Trial Court had no authority to withhold execution until the death of Ada V. Fair or until it was determined that sufficient funds existed. The judgment was final as it could have been executed at any time following the date of the judgment; therefore, interest accrued at the rate of 10% per annum from the date of the judgment.

I respectfully dissent.

HOLT, C.J., and DUDLEY, J., join in this dissent.