Ken JAMESON *v.* The Honorable J. Leon JOHNSON,
Circuit Judge of Pulaski County,
and Gil Landers

00-1342                                              33 S.W.3d 140

Supreme Court of Arkansas
Opinion delivered December 14, 2000

*Cross, Gunter, Witherspoon, & Galchus, P.C.,* by: *M. Stephen Bingham,* for petitioner.

*Josh E. McHughes,* for respondent.

PER CURIAM. Petitioner Ken Jameson petitions this court for a Writ of Mandamus to Pulaski County Circuit Judge Leon Johnson, directing that he enter an order requiring Gil Landers to post a sufficient supersedeas bond pending appeal. The facts leading up to this dispute are as follows. Jameson obtained a $13,434.75 judgment against Landers in Judge Johnson's court. Mr. Landers subsequently filed a notice of appeal with regard to the judgment, but failed to post a supersedeas bond as required by Ark.

R. App. P.—Civ. 8(c). Judge Johnson entered an order on August 31, 2000, staying the judgment once Landers posted $13,434.75 with the court clerk. This order was then vacated by an order dated October 9, that required Landers to post $15,500. On November 3, 2000, however, Judge Johnson entered a new order vacating the October 9 order, and reinstating his order of August 31.

Jameson now argues that the trial court erred in allowing Landers to post an amount equal to the judgment without interest, because Rule 8(c) requires the posting of a supersedeas bond that "shall pay to appellee all costs and damages that shall be affirmed against appellant on appeal." Jameson argues that a bond should be posted that is sufficient to cover all costs and damages that may result from the appeal, including any interest that may accrue. Landers asserts that Jameson waived any right to interest because he never raised the issue below. This argument is without merit.

Postjudgment interest is governed by Ark. Code Ann. § 16-65-114(a) (1987), which states:

> Interest on any judgment entered by any court or magistrate on any contract shall bear interest at the rate provided by the contract or ten percent (10%) per annum, whichever is greater, and on any other judgment at ten percent (10%) per annum, but not more than the maximum rate permitted by the Arkansas Constitution, Article 19, § 13, as amended.

Mindful of this statutory provision, this court has held that interest accrues on any judgment, unless the judgment expressly excludes the payment of interest. *See Estate of Otto v. Estate of Fair*, 316 Ark. 674, 875 S.W.2d 487 (1994); *Sharum v. Dodson*, 264 Ark. 57, 568 S.W.2d 503 (1978). Moreover, while this court has never interpreted the specific language of Rule 8(c), the issue has been addressed by the Arkansas Court of Appeals in *Schramm v. Piazza*, 53 Ark. App. 99, 918 S.W.2d 733 (1996). There, the court of appeals held that the provision for "all costs and damages" necessarily includes any interest on a judgment and all costs and damages that may accrue pending an appeal. We find this interpretation persuasive. Accordingly, we grant the writ and direct Judge Johnson to enter an order staying the judgment only upon the posting of a bond sufficient to cover all costs and damages, including interest.