BLOOM v. McGEHEE.

| 38 | 329 |
| 83 | 485 |
| 38 | 329 |
| 90 | 530 |

1. ATTACHMENT: *Interpleader*.
An interpleader may present his claim to the attached property as an independent proceeding, without reference to any controversy between other parties; and the determination of it does not affect the right of property as between him and the defendant in the attachment, or other person.

2. TENDER: *Of rent no discharge of landlord's lien*.
A landlord's lien is not released or discharged by a refusal to accept a tender of the rent; and to make a plea of such tender good the money must be paid into court.

APPEAL from *Jefferson* Circuit Court.

Hon. X. J. PINDALL, Circuit Judge.

STATEMENT.

In February, 1878, Mrs. McGehee sued Thompson before a justice of the peace, in Jefferson county, for rent for the year 1877, and had a landlord's attachment issued and levied upon eight bales of cotton produced by him on the rented premises.

Bloom claimed the cotton, and upon delivering to the constable the affidavit and bond to interplead, required by the Statute, was permitted to retain it. In due time he filed his interplea, and Thompson filed a general denial of the allegations in the affidavit for attachment, and a plea of set-off as to part, and tender of the balance of the demand. On the trial there were verdict and personal judgment against Thompson for $136, the amount tendered. There was no finding of the landlord's lien, nor order condemning the cotton to sale. Afterwards the interplea was tried by

41–38

the justice, and his finding and judgment were for the inter-pleader, and Mrs. McGehee appealed to the Circuit Court. Upon the trial of the appeal in the Circuit Court, Bloom read as evidence a mortgage from Thompson to him, exe-cuted in March, 1879, on all the cotton he should produce that year on the McGehee land, to secure indebtedness to him; and it was agreed for evidence that the cotton attached for rent and claimed by the interplea was produced on the McGehee land that year, and that the land was rent-ed from the plaintiff and the rent was unpaid.

It was further agreed that before the commencement of the suit, and while the cotton was on the premises, Bloom offered and tendered to Mrs. McGehee $136 in· satisfaction of the rent;. that she refused it, and afterwards Bloom took possession of the cotton and removed it to Pine Bluff, and that on the day of the trial of the main case in the justice's court, and before the trial, he brought the money into court. and again tendered it for Thompson, in satisfaction of the rent, and it was again refused, and thereupon "the money was withdrawn and the tender not received."

The proceedings and judgment in the main case in the justice's court were also read as evidence.

The court refused the following instructions asked by the interpleader:

1. "That the right to have the attached cotton con-demned for the payment of the rent was an issue properly determined on the trial of the main case in the justice's court, and the judgment rendered by him on the issue made in that case is conclusive between the parties here."

2. "That the judgment of the justice does not condemn the attached cotton for the payment of the plaintiff's judg-ment against Thompson."

3. "That the pleadings in the interplea in this case puts in issue, 1st, the interpleader's ownership of the cotton,

and 2nd, that it was not liable to the attachment in this case ; the last of which issues could be as well determined in the trial of the cause between the plaintiff and defendant as in this trial, and when so determined is conclusive against both parties ; and in the first of these issues the plaintiff is confined to the judgment in the original case, if his right of lien has been submitted, and if the property has not been condemned by the judgment, he cannot set up his lien to defeat the interpleader's right to recover in this interplea.''

4.  ''The tender of the full amount due from the defendant to the plaintiff, at the time it was made, by the interpleader, who held the junior lien upon the cotton, destroyed the plaintiff's lien and left the cotton liable to the interpleader's debt.''

And the court, of its own motion, gave the following :

1.  ''The verdict in the main case being general, and for the plaintiff, is not a finding for the defendant on the issue of the attachment, but is such a verdict as would authorize the attached property (if found to be the property of the defendant) to be condemned to the payment of the judgment.''

2.  ''The failure of the justice to condemn the cotton to the payment of the judgment pending the trial of the interplea, dees not discharge the attachment or release the cotton, it having been bonded by the interpleader and not in the possession of the defendant.

3.  ''That the judgment does not condemn the cotton attached, for the payment of the judgment, neither does it discharge the attachment or release the cotton.''

4.  ''The tender of the full amount due from the defendant to the plaintiff, at the time of the tender, by the interpleader who held the junior lien, destroyed the plaintiff's lien and left the property liable to the interpleader's debt,.

but if the interpleader relies upon his tender he must make the tender good."

There were finding and judgment against the interpleader, and he appealed.

*N. T. White,* for appellant:

1.   The court could not render judgment against appellant and his sureties without first having the cotton attached condemned for the payment of the judgment in the original case. *Adams* v. *Hobbs,* 27 *Ark.,* 1; *secs.* 472 and 473 *Gantt's Dig.*

2.   The tender by appellant of the full amount of the debt, before suit brought, released the landlord's lien. *Brown* v. *Craft,* 18 *John.,* 110; 21 *Wend.,* 467; 21 *N. Y.,* 343; 5 *Lane,* 153; 4 *E. D. Smith,* 46; *Co. Lit., Note to sec.* 335; *C. Cow.,* 728.

The case of *Hamlett* v. *Tallman,* 30 *Ark.,* 505, is not applicable to this case, even if its harsh doctrines be law. Appellant brought the money into court and offered to pay.

A landlord's lien is neither *jus in re* nor *a jus in rem,* but only a charge upon property. 31 *Ark.,* 597. It gives him no right or title, but simply a right of satisfying his claim out of the property. 24 *Ark.,* 545; 29 *Ib.,* 575.

OPINION.

HARRISON, J.   As the justice, upon the trial of the interplea, found in favor of the claimant, and that the property was not subject to the attachment, as a matter of course he could not order a sale of it, or condemn it for the satisfaction of the judgment rendered by him against the defendant.

In *Hershey* v. *The Clarksville Institute*, 15 *Ark.*, 128, a case in all respects similar to the present, Chief Justice WATKINS said : "According to what seems to be the proper construction of the Statute concerning attachments, the claimant, other than the defendant, of personal property, seized under the writ, and who has not been summoned as garnishee, may present his claim to the property as an independent proceeding, and without reference to any controversy between other parties; the determination of it not affecting the right of property as between the defendant in the attachment and the claimant, or third persons. *Mitchell* v. *Woods*, 11 *Ark.*, 180.

There can be no doubt that the plaintiff was entitled to appeal to the Circuit Court from the justices judgment on the interplea.

We held in *Hamlett* v. *Tallman & Graves*, 30 *Ark.*, 505, that a landlord's lien is not released or discharged by a refusal to accept a tender of the rent, and that to make a plea of such tender available, the money must be paid into court.

It would be manifestly unjust, we think, that the appellant should keep the cotton and not pay appellee her rent.

There was no error in the instructions given, and none in refusing those asked by the appellant.

The judgment is affirmed.