Leonard WATKINS and Shirley Watkins
*v.* Donna HADAMEK and Tina Adams

CA 93-1286                                                  892 S.W.2d 515

Court of Appeals of Arkansas
En Banc
Opinion delivered December 21, 1994

*R. Gunner Delay*, for appellants.

*Davis Charles Gean*, for appellees.

MELVIN MAYFIELD, Judge. Leonard and Shirley Watkins appeal from an order quashing writs of garnishment.

On February 23, 1993, appellants obtained a judgment against appellees Donna Hadamek and Tina Adams in the amount of $20,289.00. The judgment was unpaid and on June 4, 1993, appellants served the third in a series of writs of garnishment on Tyson Foods, Inc., garnishee, alleging that Tyson was "indebted to the Defendant or have in your possession goods, chattels, moneys, credits, or effects belonging to the Defendant." A copy of the writ of garnishment was served on the appellees.

On July 21, 1991, Tyson filed an answer stating it "is obligated to the Defendant for $13,075.45."

On August 9, 1993, the appellees filed a motion to quash the writ of garnishment in which they alleged that on September 27, 1991, Donna Hadamek assigned 100 percent of the net proceeds from her poultry service contract with Tyson to the Bank of Wal-

dron (Bank) to pay off an outstanding loan; that the garnishment did not have priority over the prior assignment; and that Tyson had money in its hands which belongs to the Bank. Appellees asked that the writ of garnishment or any subsequent writs of garnishment filed on Tyson be quashed and that Tyson be ordered to release the money it held to the Bank.

At a hearing held August 10, 1993, the appellants argued that Ms. Hadamek had no standing to challenge the writ of garnishment because she had conveyed her interest to the Bank; that Ms. Hadamek was a disinterested party; and that only the Bank could challenge the writ. Appellants also argued that the assignment was invalid for want of consideration.

On August 30, 1993, the trial court entered an order quashing the writ of garnishment and ordering Tyson to pay to the Bank the money it was holding. The court found that, prior to the filing of the Writ of Garnishment, Ms. Hadamek had made a valid assignment of the proceeds of her poultry service contract to the Bank to pay off an outstanding loan; that Ms. Hadamek had standing to file the motion to quash; and that the garnishee Tyson had no "goods, chattels, moneys, credits, and effects belonging to the plaintiff, Donna Hadamek."

Appellants argue on appeal that the trial court erred in finding a valid assignment had been made to the Bank because Ms. Hadamek had not relinquished all rights to the fund. At the hearing on the motion to quash, Ms. Hadamek testified that she never sees the check, that her name is not on it, that she does not get to sign it, and the Bank uses the check to pay her debts at the Bank. She testified that the Bank told her they can do anything with the money that they choose; that they do that; and that anything left over goes in her account at the Bank. Appellants argue that this testimony "clearly shows that the Plaintiffs had access to the funds which were deposited at the Bank" and that the transaction is not an assignment but is "more akin to an automatic deduction."

■ All contracts in writing for the payment of money are assignable. Ark. Code Ann. § 4-58-102 (1987). An assignment is generally interpreted or construed under the rules governing the construction of contracts, the primary object being to ascertain and carry out the parties' intentions; to insure validity

the assignment must adequately describe or identify the thing to be assigned, but when such a description is inserted, the assignment ordinarily passes to the assignee all the rights, title, or interest of the assignor in the property. *Northwest National Bank* v. *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 25 Ark. App. 279, 757 S.W.2d 182 (1988).

Here, an "Assignment of Proceeds of Poultry" dated September 27, 1991, and signed by Donna Hadamek and Tyson Foods, Inc. was received into evidence. It states that Donna Hadamek authorizes Tyson to pay the Bank the net proceeds per pay period payable to her as a result of her services to Tyson in raising and caring for poultry belonging to Tyson; that the assignment supersedes and voids any prior assignment; and that payment by Tyson shall be made by check payable and mailed to the Bank. Ms. Hadamek testified that the assignment was still in effect; that she could not stop it; that the Bank uses the check to pay her debts at the Bank; that it's 100 percent; and that the funds being held do not belong to her but belong to the Bank.

Under the evidence, we cannot say the trial court erred in quashing the garnishment and paying the money to the Bank.

Appellants also argue that if the assignment was valid, the Bank is the only party who can challenge the writs of garnishment. Appellants contend that the appellees lacked standing to challenge the writs and cannot assert the Bank's rights. In support of this argument appellants cite *Smith* v. *National Cashflow Systems. Inc.*, 309 Ark. 101, 827 S.W.2d 146 (1992). But that case, which involved an original action, did not involve garnishment. There the appellee, a licensed collection agency obtained assignments of debts and brought an action on the debts in its own name. The appellant argued the appellee was not the real party in interest. Our supreme court held that because the appellee was the assignee of a properly assigned account it is the entity which can discharge the claim, is the real party in interest, and as such can bring the action.

Ark. Code Ann. § 16-110-134(a) (1987) provides:

> Before sale of any attached property, or before the payment to the plaintiff of the proceeds thereof or of any

attached debt, any person may present his complaint verified by oath to the court. This complaint shall dispute the validity of the attachment, or state a claim to the property or an interest in, or lien on it under any other attachment, or otherwise, and set forth the facts upon which the claim is founded, and his claim shall be investigated.

In *Lawrence* v. *Ford Motor Credit Co.*, 247 Ark. 1125, 449 S.W.2d 695 (1970), our supreme court held that statute is applicable to garnishment proceedings. The court stated:

> Arkansas Statutes Annotated § 31-157 (Repl. 1962) [now Ark. Code Ann. § 16-110-134 (1987)] permits any person disputing the validity of an attachment, or stating a claim to, interest in, or lien upon attached property to present his complaint at any time before the payment to the plaintiff of the proceeds of an attached debt. There can be no doubt about the applicability of this statute to this case. A garnishment is only a species of attachment. Service of a writ of garnishment upon a debtor is an attachment of the debt or a form of levy thereupon.

247 Ark. at 1129, 449 S.W.2d at 697-98 (citations omitted). *See also G.A.C. Trans-world Acceptance Corp.* v. *Jaynes*, 255 Ark. 752, 755-56, 502 S.W.2d 651, 653, (1973) (Fogleman, J.A., concurring).

Here, appellees were served with a copy of the writ of garnishment and disputed its validity, and under the statute cited above *any* person is permitted to present his complaint to the court and may "dispute the validity of the attachment [or garnishment]." We also think it obvious that Ms. Hadamek had "an interest" in the money to the extent of being heard on whether it should be applied to credit her debt to the bank. The concurring opinion is concerned about a problem the bank might have had if its assignment had not been upheld. Of course it could have presented its claim to the court, and Ms. Hadamek testified that it knew of the garnishment.

Affirmed.

ROBBINS, JJ., concurs.

JOHN B. ROBBINS, Judge, concurring. I agree that the trial

court's decision upholding the validity of the assignment made by appellee Donna Hadamek to the Bank of Waldron was not clearly erroneous. However, I disagree with that portion of the majority opinion which affirms the trial court's determination that Ms. Hadamek had standing to seek to quash the appellant's writ of garnishment.

The majority opinion relies on Ark. Code Ann. § 16-110-134(a) (1987) in concluding that Ms. Hadamek had standing to move to quash the writ of garnishment. The quoted subsection (a) should be read, however, in context with the other subsections of § 16-110-134, especially subsection (d) which provides:

> (d) If it is found that the claimant has a title to, a lien on, or any interest in the property, the court shall make such order as may be necessary to protect his rights.

When read in proper context it becomes clear that the "any person" referred to in subsection (a) is a "claimant" who claims "title to," "a lien on," or an "interest in" the property. The only relief available under § 16-110-134 is such order of the court "as may be necessary to protect his [the claimant's] rights."

Ms. Hadamek can not be a claimant, for she successfully contended before the court that she had made an absolute assignment of 100 percent of her interest in the garnished funds to the Bank of Waldron. It is wholly inconsistent to find the funds in issue to belong to the Bank of Waldron rather than Ms. Hadamek, but yet also find that Ms. Hadamek has standing under § 16-110-134 as a "claimant" to present her complaint to quash the garnishment.

Rule 17 of the Arkansas Rules of Civil Procedure provides that every action shall be prosecuted in the name of the real party in interest. It has generally been held that the real party in interest is the person who can discharge the claim which is the subject of an action and not necessarily the person who may ultimately receive some benefit from a recovery on the claim. *House* v. *Long*, 244 Ark. 718, 426 S.W.2d 814 (1968). Although a garnishment was not involved in *Smith* v. *National Cashflow Systems. Inc.*, 309 Ark. 101, 827 S.W.2d 146 (1992), the issue of standing was. The supreme court held:

> Since Cashflow, as the assignee of a properly assigned

account, is the entity who can discharge the claim, it is the real party in interest and, as such, is entitled to bring this action.

*Id.* at 148. *See also* Ark. Code Ann. § 4-58-106 (Repl. 1991).

Rule 17 of the Federal Rules of Civil Procedure also requires an action to be prosecuted by the real party in interest. In the course of amending Rule 17 in 1966 the advisory committee noted:

> In its origin the rule concerning the real party in interest was permissive in purpose; it was designed to allow an assignee to sue in his own name. That having been accomplished, the modern function of the rule in its negative aspect is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata.

U.S.C.A. Rules of Civil Procedure, Rule 17(a). The question of proper standing in this case should be considered in the light of this function of Rule 17.

Because the trial court upheld the validity of the assignment, appellants will not be put to the effort of litigating the validity of Ms. Hadamek's assignment twice. However, had the trial court found that the assignment was invalid, appellants would surely have faced an attempt by the Bank of Waldron to establish the validity of the assignment. Since the Bank of Waldron was neither noticed to appear nor appeared as a party at the hearing on the motion to quash it would not have been barred by res judicata from relitigating the assignment's validity.

But inasmuch as the trial court upheld the validity of the subject assignment and we are affirming that holding, it does not appear that appellant has been prejudiced by the defect in the party plaintiff. Therefore, I concur in the result of this appeal. However, a determination of whether an objection to standing has merit should not depend upon the outcome of the underlying action.