James TURNER *v.* John FARNAM, *et al.*

CA 02-1360                                      120 S.W.3d 616

Court of Appeals of Arkansas
Division I
Opinion delivered June 18, 2003

*Appellant, pro se.*

*Jones & Harper*, by: *Charles R. Garner, Jr.*, for appellee David McCormick.

ROBERT J. GLADWIN, Judge. Appellant James Turner appeals from the trial court's denial of his motions to intervene and quash a writ of garnishment. We affirm.

On August 1, 2000, appellees John and Sara Farnam sued Turner Motor Company, Inc. ("TMC") to rescind their purchase of a 1994 Ford Explorer. They alleged that the vehicle, for which they had paid $11,995, had suffered extensive damage and had a salvage title, contrary to TMC's representations. TMC answered the complaint through its attorney and denied that it had misrepresented the history of the vehicle. The answer was verified by appellant as president of TMC.

On July 20, 2001, TMC's counsel withdrew from representation. Thereafter, appellant appeared on behalf of TMC and requested a continuance, which the court granted, but TMC was ordered to obtain counsel within ten days. A hearing on the merits of the case was held on October 21, 2001, but TMC did not appear. After testimony from Mrs. Farnam, the trial court rescinded the contract, awarded the Farnams judgment for $11,995, and declared that, should TMC fail to pay that amount within ten days, the Farnams could execute on the judgment.

TMC did not pay the judgment, and on November 19, 2001, the Farnams issued a writ of garnishment to the Johnson County Sheriff. They were attempting to garnish approximately $2300 in cash that appellant had posted to secure a bail bond as the result of being arrested in Johnson County on a hot-check charge in June 2001. On December 11, 2001, the sheriff responded to the writ by saying that he had in his possession $2300 belonging to TMC.

On May 22, 2002, the State dismissed the criminal charge against appellant. However, when appellant attempted to retrieve the bond money from the sheriff's office, the sheriff would not release it because of the writ of garnishment. Thereafter, appellant appeared at a June 20, 2002, hearing in this case and argued that the Farnams should not be allowed to garnish his individual money when they had obtained judgment against a corporation.

During this hearing, appellant stated repeatedly that the bond money had been posted by his daughter and that he was appearing in court to get the money back for her. At the close of the hearing, the judge gave the Farnams sixty days to conduct discovery, and he ordered the sheriff's office to hold the money.

Discovery was commenced by the Farnams, but in the meantime, appellant began filing pleadings *pro se*. On July 5, 2002, he filed a motion to quash the writ of garnishment, a motion to intervene, and a complaint in intervention in which he named the Farnams and their attorney, David McCormick, as defendants. The complaint sought money damages against the Farnams and McCormick for what appeared to be causes of action for fraud, abuse of process, and violation of Ark. R. Civ. P. 11. The gist of all the pleadings was that the Farnams were wrongfully attempting to use garnishment proceedings to obtain appellant's personal property.

On July 30, 2002, the court entered an order finding that, because appellant had stated at the June 20 hearing that the money in question was his daughter's, appellant lacked standing to intervene or assert any claim to the garnished funds. Appellant moved to set that order aside. The motion was denied, and this appeal followed.[1]

■ Appellant begins by making three arguments on appeal that were either not made below or not ruled upon below. First, appellant contends that the Farnams did not follow the procedures mandated by Ark. Code Ann. § 16-66-114 (1987). That statute provides that the first process upon a judgment against a private corporation must be a *fieri facias*, which the sheriff shall levy on the property of the corporation. If no property of the corporation can be found or, if found, is not sufficient to satisfy the judgment, then writs of garnishment may issue. We do not know whether the Farnams ever attempted to levy on TMC's property prior to filing a writ of garnishment. This issue was not raised below, was not developed, and was not ruled upon by the trial court. There-

---

[1] The denial of a motion to intervene is an appealable order, *Northwest Ark. Area Agency on Aging v. Golmon*, 70 Ark. App. 136, 15 S.W.3d 363 (2000), as is an order that sustains a garnishment. Ark. R. App. P.—Civil 2(a)(5) (2003).

fore, we need not address it on appeal. *See Hercules, Inc. v. Pledger,* 319 Ark. 702, 894 S.W.2d 576 (1995). Appellant also argues that he did not receive notice that a garnishment was being asserted against his interests, citing Ark. Code Ann. § 16-110-402 (Supp. 2001). That statute requires that a notice be sent to the "defendant" when a writ of garnishment is issued. The defendant in this case was TMC, and the Farnams sent the statutory notice to that corporation at appellant's post office box. In any event, no argument was made below regarding this statute nor did the court rule on whether it applied to appellant, who was not a defendant.

Appellant argues next that the Farnams failed to comply with Ark. Code Ann. § 16-110-114(a) (1987), which reads:

> When any sheriff shall levy a writ of attachment upon property claimed by a person not a party to the writ, the person may make oath to the property. The property shall then be delivered to the claimant upon him, or his attorney, giving bond in favor of the plaintiff, with good and sufficient security, to be approved by the sheriff, in a sum double the value of the property attached.

Appellant reads this statute to say that the Farnams were required to give a bond before executing on the property at the sheriff's office. While we question appellant's interpretation, we do not reach that issue because this argument was not raised or ruled upon below and thus should not be addressed on appeal. *Hercules, Inc. v. Pledger, supra.*

We turn now to the remaining issues, which we view as two-fold: 1) whether appellant should have been allowed to file his complaint in intervention seeking damages against appellees; and 2) whether appellant had standing to challenge the writ of garnishment.

Arkansas Rule of Civil Procedure 24 governs intervention in a civil cause of action and provides for both intervention as a matter of right and permissive intervention. *Midland Dev., Inc. v. Pine Truss, Inc.,* 24 Ark. App. 132, 750 S.W.2d 62 (1988). Intervention as a matter of right cannot be denied. *Id.* Rule 24(a), which governs intervention as a matter of right, reads:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an uncondi-

tional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

We have recognized that, if the person seeking intervention will be left with his right to pursue his own independent remedy against the parties, regardless of the outcome of the pending case, then he has no interest that needs protecting by intervention of right. *Midland Dev., Inc. v. Pine Truss, Inc., supra.*

■ ■ Appellant admits in his brief that he could have brought a separate suit against appellees to pursue the claims in his complaint. We likewise conclude that appellant's claims against appellees will not be impaired by the disposition of the current litigation. Therefore, appellant was not entitled to intervene as a matter of right; at best, he could have been allowed to permissively intervene at the court's discretion. However, given the fact that a tort suit would have complicated the issues already before the court and the fact that appellant could have pursued his claim independently, we do not believe that the court abused its discretion in denying the motion to intervene.

■ Next, we address whether appellant had standing to challenge the writ of garnishment. Arkansas cases have permitted persons who have an interest in attached or garnished property to either intervene or file an independent action to assert their interest. *See, e.g., Pine Bluff Nat'l Bank v. Parker,* 253 Ark. 966, 490 S.W.2d 457 (1973); *Bloom v. McGehee,* 38 Ark. 329 (1881). However, a person has no standing to complain about a garnishment when the object of the garnishment belongs to another. *See Joey Brown Interest, Inc. v. Merchants Nat'l Bank,* 284 Ark. 418, 683 S.W.2d 601 (1985); *see also Nash v. Estate of Swaffar,* 336 Ark. 235, 983 S.W.2d 942 (1999); *McCollum v. McCollum,* 328 Ark. 607, 946 S.W.2d 181 (1997) (a party has no standing to raise an issue regarding property in which he has no interest); *National Enter., Inc. v. Union Planters Nat'l Bank,* 322 Ark. 590, 910 S.W.2d 691 (1995) (generally, intervention as a matter of right requires the

applicant to establish a sufficient interest in the property that is the subject of the action).

    ■   Appellant challenges the garnishment of the $2300 in bond money. However, by his own statements at the June 20, 2002, hearing, the money belonged to his daughter; he asserted no ownership of the money. Thus, appellant had no interest in the garnished funds. We therefore conclude that the trial court correctly ruled that appellant had no standing to challenge the garnishment.

Before leaving this issue, however, we take the opportunity to discuss a statute that is not mentioned by either party but is of interest on this point. Arkansas Code Annotated section 16-110-134 (1987) reads as follows:

> (a) Before the sale of any attached property, or before the payment to the plaintiff of the proceeds thereof or of any attached debt, *any person may present his complaint verified by oath to the court.* This complaint shall dispute the validity of the attachment, or state a claim to the property or an interest in, or lien on it under any other attachment, or otherwise, and set forth the facts upon which the claim is founded, and his claim shall be investigated.
>
> (b) A nonresident claimant shall, in such cases, give security for costs.
>
> (c) The court may hear the proof, may order a reference to a commissioner, or may impanel a jury to inquire into the facts.
>
> (d) *If it is found that the claimant has a title to, a lien on, or any interest in the property, the court shall make such order as may be necessary to protect his rights.*
>
> (e) The costs of this proceeding shall be paid by either party, at the discretion of the court.

(Emphasis added.)

We applied this statute in 1994 in *Watkins v. Hadamek*, 48 Ark. App. 78, 892 S.W.2d 515 (1994). There, Watkins obtained a judgment against Hadamek. Watkins then served a writ of garnishment on Tyson Foods, who answered that it was obligated to Hadamek for $13,075 as the result of a poultry-service contract. As it turned out, Hadamek had assigned 100% of the proceeds of the contract to the Bank of Waldron. Hadamek moved to quash the writ of garnishment, and the trial court did so. On appeal, Watkins argued that Hadamek lacked standing to challenge the garnishment. We

noted that, under the abovementioned statute "any person is permitted to present his complaint to the court" to dispute the validity of a garnishment. *Id.* at 82, 892 S.W.2d at 517. However, we also said that it was "obvious that Ms. Hadamek had 'an interest' in the money to the extent of being heard on whether it should be applied to credit her debt to the bank." *Id.*

We believe that the case before us is distinguishable from *Watkins v. Hadamek.* Appellant, as he repeatedly points out, is not the judgment debtor in this case; further, he has disclaimed all association with the judgment debtor, which he considers to be a nonexistent corporation. He has also stated unequivocally that the money that is the subject of the garnishment belongs to his daughter. Thus, unlike the defendant in *Watkins v. Hadamek,* he has shown no identifiable interest in the money; therefore, he has no standing to challenge the garnishment.

Affirmed.

BIRD and GRIFFEN, JJ., agree.