# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
June 22, 2016 Session

## CHRISTOPHER J. WHITE, ET AL. v. LISA M. JOHNSON, ET AL. v. CITY OF MEMPHIS, TENNESSEE

**Appeal from the Circuit Court for Shelby County**
**No. CT00421114    Robert Samual Weiss, Judge**
_____

**No. W2015-01157-COA-R3-CV – Filed July 7, 2016**
_____

Intervening plaintiffs appeal from the dismissal of their petition to intervene in this wrongful death action. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J.,W.S., delivered the opinion of the court, in which KENNY ARMSTRONG J., and WILLIAM B. ACREE, SP. J., joined.

Lenal Anderson Jr., Memphis, Tennessee, for the appellants, Christopher J. White, and Angelique Marie White.

Howard B. Manis and Andrew C. Clarke, Memphis, Tennessee, for the appellees, Lisa M. Johnson and Sherkita Lockhart.

## OPINION

### Background

On or around October 7, 2013, Aaron Dumas allegedly attacked Intervening Plaintiffs/Appellants Christopher J. White and Angelique Marie White ("Appellants"), causing serious injuries. A police investigation ensued and, on October 12, 2013, Mr. Dumas died when City of Memphis police officers allegedly used inappropriate chemical irritants in order to roust Mr. Dumas from the home in which he was ensconced, allegedly causing the home to catch fire. On October 6, 2014, Plaintiffs/Appellees Lisa M. Johnson, as Parent and Next Friend of Jordan Deshun Dumas and Jarien Johnson Dumas; and Sherkita Lockart, as

Parent and Next Friend of Javion Dumas, the minor children of Mr. Dumas ("Appellees") filed a complaint for wrongful death against the City of Memphis.

On October 7, 2014, Appellants filed a petition to intervene "[a]s [o]f [r]ight" in the wrongful death case, citing Rule 24 of the Tennessee Rules of Civil Procedure. Appellants did not allege that they had obtained a judgment against Mr. Dumas or that they had ever filed a complaint against any party as a result of Mr. Dumas's actions. Instead, Appellants alleged that they had "an interest in the outcome of this action to the extent of any payments made to [Appellees] and are entitled to claim said amount out of any recovery awarded to [Appellees] in this action." Appellants alleged that they were entitled to damages of at least $950,000.00. Appellants, therefore, asked that any funds recovered in Appellees action against the City of Memphis be placed in a trust, and that the damages owed to Appellants be paid from the trust.

Appellees opposed the petition to intervene and, on November 4, 2014, asked that the petition be dismissed for failure to state a claim upon which relief could be granted. Appellees argued, *inter alia*, that Appellants were not entitled to intervention "as of right" pursuant to Rule 24.01 of the Tennessee Rules of Civil Procedure because they failed to establish a legal right to any property recoverable in the underlying lawsuit against the City of Memphis, as they had never obtained a judgment against Mr. Dumas or his estate.

On December 4, 2014, Appellants filed a reply memorandum in support of their motion to dismiss. For the first time, Appellants cited Rule 24.02 of the Tennessee Rules of Civil Procedure governing permissive joinder, as the basis for their petition to intervene. Appellants again alleged that they had a legal right to any property recoverable in the underlying action against the City of Memphis.

On January 23, 2015, the City of Memphis filed an answer to Appellees' complaint, denying the material allegations contained therein. On May 18, 2015, the trial court granted Appellees' motion to dismiss Appellants' petition to intervene. Appellants filed a timely notice of appeal to this Court.

## Issues Presented

Appellants raise the following issues for our review:

> 1. Do Appellants have a legal right to intervene in Appellees' wrongful death action against the City of Memphis where Appellants' and Appellees' claims have common questions of law and fact?
> 2. Are Appellants creditors under Tennessee Code Annotated Section 30-1-106?

Appellees also ask for damages incurred in the defense of a frivolous appeal.

## Discussion[1]

[1] Neither party to this appeal has questioned this Court's subject matter jurisdiction over an appeal from the denial/dismissal of a petition for permissive intervention. Rule 3(a) of the Tennessee Rules of Appellate Procedure provides, however, that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Without a final judgment, this Court does not have subject matter jurisdiction. Tenn. R. App. P. 3(a). Subject matter jurisdiction concerns the authority of the court to hear a matter and cannot be waived by agreement of the parties. *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996). The court may consider subject matter jurisdiction *sua sponte*. Tenn. R. App. P. 13(b); *Ruff v. State*, 978 S.W.2d 95, 98 (Tenn. 1998).

Here, Appellants are appealing from the denial/dismissal of their petition to intervene. There can be no dispute that the underlying action between Appellees and the City of Memphis is still awaiting resolution in the trial court. No Tennessee Courts have specifically held that the denial/dismissal of a petition to intervene is an ancillary matter to the underlying lawsuit that is immediately appealable to this Court. Federal courts have generally held that an immediate appeal of the denial of a petition to intervene is permissible. *See* 15 A.L.R.2d 336, § 3[b] (Originally published in 1951) (noting that in federal courts, an order denying the right to intervene is typically immediately appealable; however, where the issue is permissive joinder, the only issue on appeal is whether the trial court abused its discretion in denying intervention) (citing *Allen Calculators, Inc. v. Nat'l Cash Register Co.*, 322 U.S. 137, 64 S. Ct. 905, *reh. den.* 322 US 771, 64 S Ct 1257 (1944) (holding that the denial of a permissive intervention petition is only reviewable to the extent a "clear abuse is shown" by the trial court)). Many state courts have similar rules. *See, e.g., State v. Estate of Yarbrough*, 156 So. 3d 947, 951 (Ala. 2014) ("[A] denial of a motion to intervene is always an appealable order."); *Scammon Bay Ass'n, Inc. v. Ulak*, 126 P.3d 138, 142 (Alaska 2005) ("A failed intervenor has standing to appeal only the denial of intervention[.]"); *Turner v. Farnam*, 120 S.W.3d 616, 618 n.1 (Ark. 2003) ("The denial of a motion to intervene is an appealable order[.]"); *Hodge v. Kirkpatrick Dev., Inc.*, 130 Cal. App. 4th 540, 547, 30 Cal. Rptr. 3d 303, 307 (Cal. 2005) ("An order denying a motion for leave to intervene is directly appealable because it finally and adversely determines the moving party's right to proceed in the action."); *Concerning Application for Underground Water Rights*, P.3d 1167, 1174 (Col. 2013) (allowing an immediate appeal of the denial of a petition for permissive intervention only to determine whether the trial court abused its discretion); *Montoy v. State*, 278 Kan. 765, 765, 102 P.3d 1158, 1159 (2005) ("An order denying an application to intervene is a final appealable order."). *But see* 15 A.L.R.2d 336, §4[c] (discussing jurisdictions that do not allow immediate appeals of orders denying petition to intervene).

Regardless, we note that we are authorized by Rule 2 of the Tennessee Rules to "suspend the requirements or provisions of any of the[] [Tennessee Appellate Procedure] rules" for good cause shown. See Tenn. R. App. P. 2. ("For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion[.]"). The Tennessee Supreme Court has previously held that our discretion under Rule 2 allows us to suspend the requirements of Rule 3 limiting our jurisdictions to final judgments. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("[W]e find no bar to the suspension of Rule 3(a).").

Here, we conclude that good cause exists in this case to allow the parties to proceed with this appeal of the trial court's denial of Appellants' petition to intervene. Judicial economy would not be served by dismissing this appeal and remanding to the trial court until the resolution of all of the issues in the underlying action against the City of Memphis. If Appellants are, in fact, entitled to intervene in this action, a delay in allowing them to participate could prejudice their rights. Accordingly, under the particular facts in this case, we

**I.**

Here, Appellants argue that the trial court erred in dismissing their petition for permissive intervention.[2] Permissive intervention is governed by Rule 24.02 of the Tennessee Rules of Civil Procedure, which states:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising discretion the court shall consider whether or not the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

"Under rule 24.02, the trial court may permit an applicant to intervene if the court determines that the applicant's claims and the underlying action have a common question of law or fact." *Mfrs. Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d 846, 861-62 (Tenn. Ct. App. 2000) (citing *Ballard v. Herzke*, 924 S.W.2d 652, 658 (Tenn. 1996)); Tenn. R. Civ. P. 24.02). A question of law is "[a]n issue . . . concerning the application or interpretation of the law[.]" *Black's Law Dictionary* 1366 (9th ed. 2009). A question of fact is "[a]n issue capable of being answered by way of demonstration, as opposed to a question of unverifiable opinion." *Id.* Once "a common question of law or fact is established, the decision to allow intervention is a matter entrusted to the trial court's discretion, and the decision should not be reversed by an appellate court absent a showing of abuse of discretion." *Ballard*, 924 S.W.2d at 658. The Tennessee Supreme Court has previously held that a trial court does not abuse its

exercise our discretion to consider this appeal. We note, however, that we may not come to the same conclusion in a future case, and we encourage trial courts and litigants to utilize the procedure in Rule 54.02 of the Tennessee Rules of Civil Procedure, if applicable, to certify certain decisions as final for purposes of an immediate appeal.

[2] In the trial court, Appellants asserted that they were entitled to intervention as of right pursuant to Rule 24.01 of the Tennessee Rules of Civil Procedure, which states:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties; or (3) by stipulation of all the parties.

Appellants have apparently abandoned this argument, as their appellate brief mentions only permissive joinder based on Rule 24.02. Indeed, Rule 24.01 is not cited by Appellants in their brief to this Court. Accordingly, we will only consider permissive joinder under Rule 24.02 in this appeal.

discretion in denying permissive intervention where the interveners have another forum in which to determine the issues they raise and where the impact of the underlying case to the interveners is merely speculative. *See State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 193 (Tenn. 2000).

In this case, we cannot conclude that Appellants' "claims and the underlying action have a common question of law or fact," *Rodell*, 42 S.W.3d at 861–62, because Appellants have failed to establish that they have any legally recognized or enforceable claim to the proceeds of Appellees' wrongful death action. *Black's Law Dictionary* defines a claim as "the aggregate of operating facts giving rise to a right enforceable by a court;" and "[t]he exertion of an existing right; any right to payment . . . , even if contingent or provisional[.]" *Black's Law Dictionary* 282 (9th ed. 2009). Here, Appellants assert that the tortious conduct of Mr. Dumas caused them injuries for which they are entitled to recover damages. Appellants have not, however, ever actually filed a claim against Mr. Dumas's estate to recover these damages. As such, they have no legal right to recover any property from Mr. Dumas, his estate, or his descendants. Without an actual legal claim pending against Mr. Dumas's estate, Appellants' alleged right to share in the recovery of the wrongful death lawsuit against the City of Memphis is non-existent. Consequently, Appellants' need to intervene in this action to protect their alleged damages is based merely on speculation. *See Overstreet v. Shoney's, Inc.*, 4 S.W.3d 694, 703 (Tenn. Ct. App. 1999) ("[U]ncertain or speculative damages are prohibited only when the existence, not the amount, of damages is uncertain.") (citing *S. Coach Lines v. Wilson*, 31 Tenn. App. 240, 243, 214 S.W.2d 55, 56 (Tenn. Ct. App. 1948)).

Furthermore, the filing of an intervening complaint in the underlying action is not a substitute for a properly filed tort action directly against Mr. Dumas's estate. Tennessee Code Annotated Section 20-5-103, known as the "Survival Statute," provides that:

> In all cases where a person commits a tortious or wrongful act causing injury or death to another, or property damage, and the person committing the wrongful act dies before suit is instituted to recover damages, the death of that person shall not abate any cause of action that the plaintiff would have otherwise had, but the cause of action shall survive and may be prosecuted against the personal representative of the tort-feasor or wrongdoer.

Pursuant to this statute, a tortfeasor's death will not terminate a cause of action against him or her. *Ferrell v. Miller*, No. M2013-00856-COA-R3-CV, 2013 WL 6228153, at *4 (Tenn. Ct. App. Nov. 27, 2013). "Operation of the Survival Statute, however, does not create a new and independent cause of action, but 'merely preserve[s] the cause of action that belonged to the person before the one who caused the injury died.'" *Liput v. Grinder*, 405 S.W.3d 664,

672 (Tenn. Ct. App. 2013) (citing ***Goins v. Coulter***, 185 Tenn. 346, 206 S.W.2d 379, 380 (1947)). "The Tennessee Supreme Court has held that, because the statute provides the exclusive remedy and steps to be followed when such circumstances arise, the steps 'must be strictly followed.'" ***Liput***, 405 S.W.3d at 672 (quoting ***Brooks v. Garner***, 194 Tenn. 624, 254 S.W.2d 736, 737 (1953)). "Accordingly, an action preserved by this statute, 'may only be instituted against the personal representative of the tort-feasor.'" ***Liput***, 405 S.W.3d at 672 (quoting ***Goss v. Hutchins***, 751 S.W.2d 821, 824 (Tenn. 1988)). Because Appellants have not followed this procedure, they currently have no claim against Mr. Dumas's estate for the damages he allegedly caused prior to his death.

Appellants argue, however, that they were excused from this procedure because no estate was ever opened for Mr. Dumas following his death. With no personal representative ever appointed to represent Mr. Dumas's estate, Appellants assert that they had no opportunity to assert a claim against Mr. Dumas's estate. In support, Appellants cite Tennessee Code Annotated Section 30-1-106, which provides:

> When any person dies intestate in this state, administration shall be granted to the spouse of that person, if the spouse makes application for administration. For want of application for administration upon the part of the spouse, the administration shall be granted to the next of kin, if such next of kin apply for it. If neither the spouse nor next of kin make application for administration, then administration shall be granted to a creditor proving the decedent's debt on oath before the probate court; provided, that when there is more than one next of kin, the probate court may decide which of the kin shall be entitled to the administration.

Appellants assert that because they were neither next of kin nor creditors of Mr. Dumas, they were not entitled to apply for administration of Mr. Dumas's estate.

Respectfully, we cannot agree. Where no personal representative exists, an "injured person may petition the chancery court to appoint an Administrator Ad Litem for the limited purpose of serving as the defendant in the lawsuit" pursuant to Tennessee Code Annotated Section 30-1-109. ***Ferrell v. Miller***, No. M2013-00856-COA-R3-CV, 2013 WL 6228153, at *4 (Tenn. Ct. App. Nov. 27, 2013) (citing ***Vaughn v. Morton***, 371 S.W.3d 116, 120 (Tenn. Ct. App. 2012)). Section 30-1-109 provides, in relevant part:

> (a) In all proceedings in the probate or chancery courts, or any other court having chancery jurisdiction, where the estate of a deceased person must be represented, and there is no executor or administrator of the estate, or the executor or administrator of

- 6 -

the estate is interested adversely to the estate, it shall be the duty of the judge or chancellor of the court, in which the proceeding is had, to appoint an administrator ad litem of the estate for the particular proceeding, and without requiring a bond of the administrator ad litem, except in a case where it becomes necessary for the administrator ad litem to take control and custody of property or assets of the intestate's estate, when the administrator ad litem shall execute a bond, with good security, as other administrators are required to give, in such amounts as the chancellor or judge may order, before taking control and custody of the property or assets.

As such, Tennessee law envisions the very situation that Appellants assert exists in this case: "The law protects an injured person from the possibility that no estate is opened for the tortfeasor by allowing the injured person to petition the chancery court to appoint an administrator for the limited purpose of serving as the defendant in the lawsuit." *Vaughn*, 371 S.W.3d at 120 (citing Tenn. Code Ann. § 30-1-109). Consequently, Section 30-1-109, rather than Section 30-1-106, specifically gives Appellants the right to have an administrator ad litem appointed for the limited purpose of defending against their claim that they were injured by Mr. Dumas. Despite the statutory authorization to file a claim against Mr. Dumas's estate and the right to petition for the appointment of an administrator ad litem, nothing in Appellants' petition to intervene or elsewhere in the record suggests that Appellants have followed this procedure. As previously discussed, however, the Survival Statute is the "exclusive remedy" for preserving a cause of action against a deceased tortfeasor. *Liput*, 405 S.W.3d at 672 (quoting *Brooks*, 254 S.W.2d at 737).

As previously discussed, the trial court's decision to deny Appellants' petition to intervene is reviewed under the abuse of discretion standard. *See **Ballard***, 924 S.W.2d at 658. A trial court abuses its discretion when it has applied an incorrect legal standard or has reached a decision which is against logic or reasoning that caused an injustice to the party complaining. *Johnson v. Richardson*, 337 S.W.3d 816, 819 (Tenn. Ct. App. 2010) (citing *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001)). Here, nothing in the record suggests that the trial court applied an improper standard, reached a decision against logic, or worked an injustice against Appellants. Instead, without having actually asserted a proper claim against Mr. Dumas's estate, we cannot conclude that Appellants have any properly asserted claim sharing questions of facts or law with the claims asserted by the Appellees in the underlying action against the City of Memphis. Based on the foregoing, we conclude that the trial court did not abuse its discretion in denying Appellants' petition to intervene in the underlying action and therefore, dismissing their petition. All other issues are pretermitted.[3]

_____

[3] For example, the trial court granted Appellees' motion to dismiss on the basis of *Rickman v. Rickman*, No. M2013-00251-COA-R3-CV, 2013 WL 5656214 (Tenn. Ct. App. Oct. 15, 2013), which held

**II.**

Finally, Appellees ask this Court to award them attorney's fees on the ground that this appeal is frivolous. Parties should not be forced to bear the cost and vexation of baseless appeals. ***Davis v. Gulf Ins. Group***, 546 S.W.2d 583, 586 (Tenn. 1977); ***Jackson v. Aldridge***, 6 S.W.3d 501, 504 (Tenn. Ct. App.1999); ***McDonald v. Onoh***, 772 S.W.2d 913, 914 (Tenn. Ct. App. 1989). Accordingly, in 1975, the Tennessee General Assembly enacted Tennessee Code Annotated Section 27-1-122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision. ***Banks v. St. Francis Hosp.***, 697 S.W.2d 340, 343 (Tenn. 1985). A frivolous appeal is one that is devoid of merit, ***Combustion Eng'g, Inc. v. Kennedy***, 562 S.W.2d 202, 205 (Tenn. 1978), or one that has no reasonable chance of succeeding. ***Davis v. Gulf Ins. Grp.***, 546 S.W.2d at 586; ***Jackson v. Aldridge***, 6 S.W.3d at 504; ***Indus. Dev. Bd. v. Hancock***, 901 S.W.2d 382, 385 (Tenn. Ct. App.1995).

Although we have not decided the issues in this case in favor of Appellants, we decline to conclude that this appeal was frivolous for the purpose of awarding damages pursuant to Tennessee Code Annotated Section 27-1-122.

**Conclusion**

The judgment of the Circuit Court of Shelby County is affirmed. Costs of this appeal are taxed to Appellants Christopher J. White and Angelique Marie White, and their surety.

_____
J. STEVEN STAFFORD, JUDGE

---

that: "Proceeds from a wrongful death action are not property of the decedent's estate but instead pass outside the estate through the operation of the intestacy statutes[.]" ***Id.*** at \*6; *see also* ***Holliman v. McGrew***, 343 S.W.3d 68, 73 (Tenn. Ct. App. 2009) ("In a wrongful death action, the statutory beneficiary is the real party in interest, and neither the claim nor the recovery becomes a part of the estate of the deceased.") (citing ***Memphis St. Ry. Co. v. Cooper***, 203 Tenn. 425, 313 S.W.2d 444, 448 (1958)). Appellees argue that because the wrongful death proceeds do not become part of Mr. Dumas's estate, Appellants can have no claim to the wrongful death proceeds, even if a proper claim had been filed against Mr. Dumas's estate. Neither party cites any caselaw specifically deciding this issue. This court may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result. ***City of Brentwood v. Metro. Bd. of Zoning Appeals***, 149 S.W.3d 49, 60 n.18 (Tenn. Ct. App. 2004). Because we have determined that another ground supports dismissal in this case, we express no opinion as to this issue.