IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 1, 2018

## STEPHANIE SOLIMA v. DAVID SOLIMA

**Appeal from the Circuit Court for Williamson County**
**No. 2004-04229      Joseph Woodruff, Judge**

_____

**No. M2017-01924-COA-R3-CV**

_____

This appeal involves a post-divorce custody dispute between David Solima (father) and Stephanie Solima (mother) with respect to their only child, A.J.S. Father filed a petition in the trial court seeking a modification of the then-existing permanent parenting plan. Finding that there had been a material change in circumstances, the court entered an order modifying the parenting plan. Father then filed a motion to alter or amend, which the trial court denied. Father now appeals the court's order denying his motion. We hold that the order appealed from is not a final judgment because the trial court has not fully adjudicated the issue of child support. Accordingly, we dismiss this appeal for lack of subject matter jurisdiction and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which RICHARD H. DINKINS and KENNY ARMSTRONG, JJ., joined.

Jonathan Jackson Pledger, Franklin, Tennessee, for the appellant, David John Solima.

Stephanie Solima, appellee, pro se.

**OPINION**

**I.**

The parties divorced in 2006. The permanent parenting plan was revised on April 8, 2013, and again on June 6, 2014. Under the June 6, 2014 parenting plan, mother was designated as the primary residential parent. The plan also adjusted the parties' child support obligations based, in part, on the trial court's determination that father was voluntarily underemployed. Father appealed. In **Solima v. Solima**, this Court affirmed the trial court's designation of mother as the primary residential parent but we reversed

the court's imputation of additional income to father because "[f]ather was not on notice that the issue of voluntary underemployment would be tried." No. M2014-01452-COA-R3-CV, 2015 WL 4594134, at *8 (Tenn. Ct. App., filed July 30, 2015) (hereinafter, "*Solima I*"). We remanded the case to the trial court with instructions to "calculate the parties' respective child support obligations pursuant to the federal guidelines and applicable statutes, rules and regulations." *Id.* at *10.

In January 2017, father filed a petition to modify the June 6, 2014 parenting plan. After a hearing, the trial court determined that there had been a material change in circumstances. As a result, the court ordered substantial revisions to the parenting plan. For example, the court ordered a week on/week off residential schedule, which significantly increased father's residential parenting time. The court also ordered that the parents would have joint decision-making authority. However, the revised parenting plan also stated that "[n]either party shall drink while the minor child is in their custody."[1] In addition, the court allowed mother to retain her status as the primary residential parent because the court believed that it was "[t]he only way" to ensure that the child would not have to change schools. Father filed a motion to alter or amend pursuant to Tenn. R. Civ. P. 59.04. Father argued that he should be designated as the primary residential parent due to newly discovered evidence relating to Williamson County Schools' zoning policies. Father also argued that he should not be prohibited from drinking alcohol in front of the child because there is no evidence in the record that father has previously abused alcohol. The trial court denied father's motion. Father appealed.

## II.

Father raises two issues for our review:

> Whether the trial court erred in denying father's motion to alter or amend its order by making father the primary residential parent.

> Whether the trial court erred in denying father's motion to alter or amend its order by removing the prohibition of father consuming alcohol in the presence of the child.

## III.

We begin by considering whether this Court has subject matter jurisdiction over this case. *See* Tenn. R. App. P. 13(b) ("The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not

---

[1] The previous parenting plan only prohibited the parents from drinking "in excess" during their residential parenting time.

- 2 -

presented for review . . . ."). "Subject matter jurisdiction concerns the authority of the court to hear a matter." *In re Estate of Boykin*, 295 S.W.3d 632, 635 (Tenn. Ct. App. 2008). Generally, "[w]ithout a final judgment, this Court does not have subject matter jurisdiction." *White v. Johnson*, 522 S.W.3d 417, 421 n.1 (Tenn. Ct. App. 2016) (citing Tenn. R. App. P. 3(a)). Pursuant to Tenn. R. App. 3(a),

> any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a).

The notice of appeal in this case states that father is appealing the trial court's August 21, 2017 order denying father's Rule 59.04 motion to alter or amend. However, the order denying father's motion to alter or amend is not a final order because the underlying order modifying the parenting plan did not fully adjudicate the issue of child support. Specifically, the parenting plan attached to the trial court's order stated that

> The Father shall file a Petition in the IV-D Court to have child support calculated. The Court acknowledged that Father has filed a Motion to Correct Child Support in compliance with the Court of Appeals opinion filed in this matter. The Mother was unable to verify or give adequate testimony of her income during the hearing on July 25, 2017 and Father is ordered to file the Motion to correct Child Support in the IV-D Court.
>
> Child Support will not be modified until modified by the Court.

Thus, at the time of the trial court's order, the child support obligations set forth in the June 6, 2014 parenting plan had still not been modified pursuant to this Court's directive in *Solima I*. In addition, child support had not been recalculated to account for the recent modifications to the residential parenting schedule. The trial court's subsequent order denying father's motion to alter or amend also left the issue of child support unresolved.

In *Leonardo v. Leonardo*, this Court held "that a petition to modify visitation time or the primary residential parent necessitates a recalculation of child support so long as the opposing party received adequate notice of the petition and so long as there is a significant variance in accordance with the Tennessee Child Support Guidelines." No.

- 3 -

M2014-00372-COA-R3-CV, 2015 WL 3852802, at \*7 (Tenn. Ct. App., filed June 18, 2015), *perm. app. granted* (Tenn. Nov. 24, 2015).[2]  Consistent with that determination, this Court has held that a trial court's order modifying a parenting plan is not a final judgment when "the trial court did not revisit the child support issue incident to its modification of the parenting plan . . . as it does not adjudicate all issues." ***In re Gabrielle R.***, No. W2015–00388–COA–R3–JV, 2016 WL 1084220, at \*3 (Tenn. Ct. App., filed Mar. 17, 2016); *see also* ***Hensley v. Hensley***, No. E2017–00354–COA–R3–CV, 2017 WL 5485320, at \*7 (Tenn. Ct. App., filed Nov. 15, 2017) ("Determining ***In re Gabrielle R.*** to be on point with the instant action, we conclude that because the trial court in its judgment has modified the residential co-parenting schedule but failed to address the issue of a corresponding modification in child support, the judgment is not final.").

We find the aforementioned cases controlling in this matter.  As explained above, the trial court's order modifying the parenting plan failed to fully adjudicate the issue of child support, despite a previous order from this Court directing the recalculation of child support and despite a recent change in the residential parenting schedule.  The court's order denying father's motion to alter or amend also left the issue of child support unresolved.  "This Court would have jurisdiction to hear this appeal only if permission to appeal had been granted or if the order appealed had been made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure." ***Waters v. Tennessee Dept. of Correction***, No. W2007-01397-COA-R3-CV, 2008 WL 4253897, at \*3-4 (Tenn. Ct. App., filed Sept. 18, 2008) (holding that an order denying a motion to alter or amend was not a final judgment because it did not fully adjudicate all claims of the parties); *see also* ***State ex rel. Com'r of Tenn. Dept. of Transp. v. West Coast, LLC***, No. M2009-00140-COA-R3-CV, 2009 WL 4801713, at \*3-4 (Tenn. Ct. App., filed Dec. 14, 2009).  Here, the trial court did not certify its order as final pursuant to Tenn. R. Civ. P. 54.02 and father did not seek permission to file an interlocutory appeal pursuant to Tenn. R. App. P. 9.  Accordingly, this Court lacks subject matter jurisdiction over the case.

---

[2] Although the Supreme Court granted permission to appeal and vacated certain portions of our opinion, "we do not interpret the Supreme Court's action in ***Leonardo*** as a reversal of our holding that a change in a child's residential schedule is sufficient to require a trial court to revisit child support and modify support if a significant variance exists." ***In re Gabrielle R.***, 2016 WL 1084220, at \*3.

- 4 -

**IV.**

This appeal is dismissed for lack of jurisdiction. Costs on appeal are taxed against the appellant, David Solima. The case is remanded to the trial court, pursuant to applicable law, for further proceedings consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE